# VIRGIL SCOTT *et al.*

## *v.*

# THE PEOPLE OF THE STATE OF ILLINOIS.

1. INDICTMENT—*construction of the statute requiring the names of witnesses to be indorsed on the same.* On a motion to quash an indictment for murder on the ground that the names of the witnesses were not indorsed on the back of the instrument, it appeared that the names of the witnesses were indorsed on the indictment, just under the name of the prosecuting attorney: *Held,* that this was a strict compliance with the statute requiring the foreman of the grand jury to note on the indictment the names of the witnesses upon whose evidence the same was found. The purpose of the requirement is notice to the accused, and that is as well given by writing the names of the witnesses on one part of the paper on which the indictment is drawn as on another.

2. The names of the witnesses, on whose evidence the indictment was found, thus noted on the indictment, being legal and proper, formed a sufficient basis for the examination, on the trial, of others whose names were not written on the indictment.

3. DYING DECLARATIONS—*what constitute.* Dying declarations are such as are made by the party, relating to the facts of the injury of which he afterwards dies, under the fixed belief and moral conviction that his death is impending and certain to follow almost immediately, without opportunity for repentance, and in the absence of all hope of avoidance; when he has despaired of life and looks to death as inevitable and at hand.

4. SAME—*of the foundation necessary for their admission as evidence.* In this case, the deceased having been informed by his physician that he was in a critical condition, and he having previously said that he was "killed," and was "dying," and he died from the wounds some four or five hours after they were inflicted, which statements of the deceased, with all the surrounding circumstances, indicated that he was fully aware of his condition, the declarations of the deceased were held admissible as evidence against the accused.

5. SAME—*of the objection to them that they are indefinite or not pertinent to the issue—how should be taken advantage of.* The proper foundation for detailing the dying declarations of the deceased to the jury having thus been laid, the defense, in order to take advantage of the objection to them that they were indefinite or not pertinent to the issue, should have moved to exclude them from the consideration of the jury.

6. ALTERATIONS IN THE TRANSCRIPT—*whether they will be recognized.* Where alterations in the transcript of a record are noted in the margin thereof, and apparently in a different handwriting and in different ink, in the absence of some explanation, or statement of the clerk that he made such alterations, this court will refuse to recognize them. Where such changes are found on the transcript, to secure their recognition there must be evidence that they were properly made.

WRIT OF ERROR to the Circuit Court of Washington county; the Hon. SILAS L. BRYAN, Judge, presiding.

Messrs. STOKER, SMITH, MERRITT & WATTS, for the plaintiffs in error.

Mr. JOHN MICHAN, State's attorney, Mr. D. C. JONES, and Mr. H. C. GOODNOW, for the people.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an indictment against plaintiffs in error for the murder of James Phelps, found by a grand jury of Marion county, and the venue was changed to Washington county. At the April term, 1872, a trial was had, resulting in a verdict of guilty of manslaughter against plaintiffs in error, and fixing the terms of their confinement in the penitentiary. A motion for a new trial was entered and overruled, and judgments rendered upon the verdict. And the record is brought to this court and various errors assigned.

It is first urged that the court below erred in overruling the motion to quash the indictment, because the names of the witnesses were not indorsed on the back thereof. We perceive no force in this objection It does appear that the names of the witnesses on behalf of the prosecution were indorsed on the indictment, just under the name of the prosecuting attorney. The statute has made it the duty of the foreman to note on the indictment the names of the witnesses upon whose evidence the same shall have been found. In this case the statute was strictly pursued, as the names of the

witnesses were noted on the indictment. The manner in which they were noted gave notice to the accused as effectually as if they had been written on any other part of the instrument. The purpose of this requirement is notice to the accused, and it is as well given when written on one part of the paper upon which the indictment is drawn as on another.

The names of the witnesses thus noted on this indictment were indorsed in a legal and proper manner, and formed a sufficient basis for the examination of others not written on the indictment. There was, therefore, no error in admitting the evidence of other witnesses on the trial.

It is next urged that the court below erred in admitting the dying declarations of deceased. It is contended that the prosecution did not lay a proper foundation to authorize such declarations to be proved. In the case of *Starkey* v. *The People*, 17 Ill. 17, this court reviewed the authorities and decided that such evidence was admissible. The court there laid down the rule that should govern their introduction. It was said, "the principle upon which such declarations are admitted is, that they are made in a condition so solemn and awful as to exclude the supposition that the party making them could have been influenced by malice, revenge, or any conceivable motive to misrepresent, and when every inducement, emotion and motive is to speak the truth; in other words, in view of impending death and under the sanctions of a moral sense of just and certain retribution."

"Dying declarations are, therefore, such as are made by the party relating to the facts of the injury of which he afterwards dies, under the fixed belief and moral conviction that his death is impending, and certain to follow almost immediately, without opportunity for repentance, and in the absence of all hope of avoidance; when he has dispaired of life, and looks to death as inevitable and at hand."

The same rule was adopted in the case of *Barnett* v. *The People*, 54 Ill. 325. And such declarations were admitted in the case of *Murphy* v. *The People*, 37 Ill. 447, under this rule.

Do the declarations in this case come under this rule? We think they do. Deceased was informed by his physician that he was in a critical condition. He had previously said to his pursuers that he was "killed," and was "dying." And he died from the wounds some four or five hours after they were inflicted. These statements and all the surrounding circumstances indicate that he was fully aware of his condition. And we think, under the strictest rule on the subject, these declarations were admissible.

If the declarations were indefinite the defense should have moved to exclude them from the consideration of the jury. The proper foundation having been laid, there was no error in permitting them to be detailed to the jury, subject to be excluded if not definite or pertinent to the issue.

· We have considered these declarations as though the accused had objected to their admission when offered. On examining the transcript we find the objection to the evidence of the physician as to the statements of deceased noted in the margin, apparently in a different handwriting and different ink from the body of the transcript. We also find, on another page, similar notes in the margin. We fail to find any statement of the clerk that he made any such alteration, and in the absence of some such explanation we should not feel it our duty to recognize such alterations in the transcript, even if the declarations had been inadmissible. Where such changes are found on the transcript, to secure their recognition we must have evidence that they have been properly made.

But, independently of the dying declarations, the evidence is full and satisfactory that the accused were guilty. The attack seems to have been premeditated and deliberately made; to have been atrocious and brutal in its character; to have evinced a high decree of malice. Deceased was set upon by overpowering numbers; assailed with clubs and stabbed with a knife, and seems to have been beaten with clubs by different persons after he was stricken to the earth and unable to arise, and this, too, when he implored them to desist,

as he was dying. The verdict is fully sustained by the evidence, and we fail to perceive how any intelligent jury, on such evidence could acquit.

After a careful examination of all the instructions, we fail to find any error in giving, refusing or modifying them. They state the law, certainly as favorably to the prisoners as they could ask. There was nothing in them calculated to mislead the jury to the prejudice of the defense; there was no error, that could prejudice plaintiffs in error, in the law as announced to the jury, nor was there any error in excluding evidence offered by the defense. It was not pertinent to the issue, and was properly rejected.

Perceiving no error in this record, the judgment of the court below must be affirmed.

*Judgment affirmed.*