ANDRE ANDREWS

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa May 15, 1886.*

1. CRIMINAL LAW—*indorsing witness' names on indictment.* The statute requiring the foreman of the grand jury to note on the indictment the names of the witnesses upon whose testimony the same was found, is mandatory; and a disregard of this requirement will authorize the court, on proper motion, to quash the indictment.

2. The statute does not require that the names of all witnesses who may be called to testify on the trial shall be noted on the indictment, but only the names of those upon whose testimony the indictment may have been found.

3. Where the names of five witnesses were noted on an indictment by the foreman, after which were the words, "See, for other witnesses, Off. C. and P.," it was *held,* that it would be presumed the foreman did his duty by noting the names of all the witnesses who testified before the grand jury, and that a motion to quash the indictment for want of an indorsement of other witnesses was properly overruled.

4. SAME—*election of counts, when not required.* A party was tried upon an indictment, one count being for larceny and the other for receiving stolen goods knowing them to have been stolen. The proof showed that the two offences charged formed parts of a single transaction. At the close of the evidence for the prosecution the defendant asked the court to require the prosecution to elect the count upon which a conviction was sought, which the court denied: *Held,* that the case was not one in which the court was required to compel an election.

5. SAME—*conviction upon admissions of accused.* Where the fact of the commission of a larceny is shown by other and direct evidence, the defendant may be convicted of the same by proof of his admissions or confessions, deliberately made.

6. Where a crime has been committed, the admissions of a party charged therewith, deliberately made, are admissible for the purpose of showing his guilt; and the jury, who are the judges of the weight to be given to all evidence, may convict on such evidence, if they believe it sufficient.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. ROLLIN S. WILLIAMSON, Judge, presiding.

Mr. John Lyle King, for the plaintiff in error:

The statute requiring the foreman of the grand jury to note on each indictment returned into court "the name or names of the witness or witnesses upon whose evidence the same shall have been found," being for the benefit and protection of the defendant, is mandatory, and a failure to observe such requirement is fatal to the indictment. *Ray* v. *State,* 1 G. Green, 316; *Rex* v. *Ford,* Yelv. 90; *People* v. *O'Hara,* 2 Mich. 170; *Nomaque's case,* Breese, 145; *McKinney* v. *People,* 2 Gilm. 540; *Scott* v. *People,* 63 Ill. 508; *People* v. *Naughton,* 7 Abb. Pr. (N. S.) 430.

In law and in fact larceny and receiving the stolen goods are separate, substantive and distinct felonies, and repugnant to each other. Therefore the court erred in refusing to compel the State's attorney, on the close of his evidence, to elect upon which count of the indictment he would proceed. *Rex* v. *Flower,* 3 C. & P. 413; 14 E. C. L. R. 637; *Young* v. *King,* 3 T. R. 106; *Bennett* v. *People,* 96 Ill. 202; *Tobin* v. *People,* 104 id. 565.

A person receiving stolen goods does not thereby become guilty of larceny. (*People* v. *Maxwell,* 24 Cal. 14.) Proof of one offence will not sustain an indictment for the other. *Commonwealth* v. *Copenburg,* 2 Strobh. 273; *Regina* v. *Madden,* Ryan & M. 277; *Regina* v. *Galloway,* id. 234.

It is sometimes held that the granting of a motion to compel an election is a matter of discretion, a ruling upon which is unassignable for error. But the discretion is regulated by judicial rule. 1 Bishop on Crim. Proc. sec. 761; *Goodhue* v. *People,* 94 Ill. 37; *Lyons* v. *People,* 68 id. 275.

The court erred in refusing plaintiff's first instruction, to the effect that the jury should not convict on the uncorroborated alleged confession of the defendant, unless there was other evidence showing that he, at the time of receiving the goods, knew they were stolen, and the fact that he was informed, after receiving them, that they were stolen, is not evidence of

guilt on his part, and, as to the fact of guilty knowledge, the jury must take into consideration all the facts and circum-. stances of the case.

Mr. GEORGE HUNT, Attorney General, for the People:

The statute only requires the indorsement of the names of the witnesses upon whose evidence the indictment was found. It does not require that the names of all witnesses who are called before the grand jury, or who may be called upon the final trial, shall be so indorsed. Other witnesses may be called on the trial whose names are not indorsed. *Perteet* v. *People,* 70 Ill. 171; *Scott* v. *People,* 63 id. 508; *Perry* v. *People,* 14 id. 496; *Bulliner* v. *People,* 95 id. 394; *Logg* v. *People,* 92 id. 598.

In *Winship* v. *People,* 51 Ill. 296, a conviction on an indictment without the name of a prosecuting witness, was sustained.

The object of indorsing names of witnesses is to notify the defendant, whose testimony he must meet.   *Scott* v. *People, supra; Perry* v. *People, supra.*

The doctrine of election seems to apply only to those cases where the different counts charge different offences growing out of separate and distinct transactions.   *Bennett* v. *People,* 96 Ill. 202; *Tobin* v. *People,* 104 id. 565; 1 Bishop on Crim. Proc. sec. 457, note 9; *Goodhue* v. *People,* 94 id. 37; 1 Wharton on Crim. Law, sec. 423; *Lyons* v. *People,* 68 Ill. 275.

The question of election, so far as applicable here, is one of judicial discretion, (Bishop on Crim. Proc. sec. 454,) and hence not subject to review, unless an abuse of the discretion is shown:   *Beaty* v. *State,* 82 Ind. 228.

The first instruction of defendant's refused, told the jury, in substance, that unless there was some other evidence of Andrews' knowledge that the goods were stolen when he received them, besides his confession of such knowledge, he should be acquitted.   This is not only not the law, but his

admission is the very best character of proof of that fact that can be produced.

The second refused instruction declared that confessions are rarely sufficient to warrant a conviction unless they are supported by other evidence tending to show that the prisoner committed the crime. Here there is no lack of other evidence tending to show that the prisoner did commit the crime. But it does not state the law. The rule only requires other proof of the *corpus delicti.* When that is fully proven *aliunde,* the confessions may be received, and will sustain a conviction. *May* v. *People,* 92 Ill. 343; *Williams* v. *People,* 101 id. 382.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an indictment against Andre Andrews, containing two counts. In the first count the defendant was charged with larceny, and in the second with receiving stolen goods. On a trial before a jury, the defendant was found guilty as charged in the second count of the indictment, and was sentenced to eight years' imprisonment in the penitentiary. Several alleged errors are relied upon to reverse the judgment.

On the back of the indictment is indorsed: "A true bill.— J. J. Corcoran, foreman of the grand jury." And, "Witnesses, Charles P. Crane, Lem. Flershem, Peter Lapp, Off. Cosgrove, Off. Palmer. See, for other witnesses, Off. Cosgrove and Palmer." "Filed June 19, 1885.—John Stephens, Clerk." The defendant entered a motion to quash the indictment, on the ground that the foreman of the grand jury failed to note thereon the names of the witnesses upon whose evidence the indictment was found, as required by the statute. The court overruled the motion, and this is the first error relied upon to reverse the judgment.

Section 17, chapter 78, of the Revised Statutes, provides that "the foreman of the grand jury shall, in each case in which a true bill shall be returned into court, note thereon the name or names of the witnesses upon whose evidence the

same shall have been found." It is contended that the statement on the indictment, "See, for other witnesses, Off. Cosgrove and Palmer," was not a compliance with the statute, and vitiates the indorsement of the names of witnesses required by the law. The statute requiring the foreman of the grand jury to note on the indictment the names of the witnesses upon whose evidence the same is found, is mandatory, and a disregard of this requirement would no doubt be sufficient ground to authorize the court, upon proper motion, to quash the indictment. (*McKinney* v. *The People*, 2 Gilm. 552.) The object of the statute is for the benefit of the accused, who is entitled to know the names of those upon whose evidence the indictment may have been found. It will, however, be observed, that this statute does not require that the names of all witnesses who shall be called to testify on the trial of the accused shall be noted on the indictment, but the requirement of the law is confined to the names of those upon whose evidence the indictment may be found. Here the names of five witnesses were noted on the indictment by the foreman of the grand jury, as required by the statute, and the presumption is, in the absence of any contrary showing, that they were the witnesses, and the only witnesses, upon whose evidence the indictment was found. It is true there is noted or indorsed on the indictment, "See, for other witnesses, Off. Cosgrove and Palmer," but from this statement no presumption can arise that witnesses other than those whose names are noted testified before the grand jury. Before this statement appears, the noting of the names of witnesses on the indictment required by statute is full and complete, and that noting is in no manner contradicted or impaired by this statement. The statement may be rejected entirely, as no part of the indictment, or it may be treated as a mere memorandum for the benefit of the State's attorney in finding other witnesses which were not before the grand jury, which in no manner related to the statutory duty of the

foreman of the grand jury in noting the names of the wit-
nesses on the indictment. But however this statement may
be regarded, when the foreman of the grand jury had noted
the names of five witnesses on, the indictment, he had com-
plied with the requirement of the statute. We are of opinion
that there was no error in overruling the motion to quash the
indictment.

As stated before, the indictment contained two counts,—
one for larceny, and the other for receiving stolen goods.
After the evidence was all in, the defendant entered a motion
to compel the prosecution to elect upon which one of the
counts of the indictment a conviction would be asked. The
court overruled the motion, and this decision is relied upon
as error.

In *Bennett* v. *The People*, 96 Ill. 602, where a motion was.
made to require an election before the trial began, it was held
that a count for larceny and one for receiving stolen goods.
might properly be joined in one indictment, and a trial might
be had on all the counts; that where the charges all relate to
one transaction, the prosecution would not be required to elect
on which count a conviction would be asked. In *Goodhue* v.
*The People*, 94 Ill. 46, where an indictment contained three
counts, and a motion was made by the defence to require an
election, it was held that where two or more offences form
part of one transaction, and are such in nature that a de-
fendant may be guilty of both, the prosecution will not, as a
general rule, be put to an election, but may proceed under
one indictment for the several offences, though they be felo-
nies. The right of demanding an election, and the limitation
of the prosecution to one offence, is confined to charges which
are actually distinct from each other, and do not form parts.
of one and the same transaction. The doctrine of the cases
cited is fully supported in Bishop on Criminal Procedure,
sec. 457, where the author says: "When the counts are for
different felonies, really or supposed to be connected with the

one transaction, as, for example, larceny and receiving stolen goods, or embezzlement and larceny,—and, *a fortiori*, where one felony is set out in various ways in the different counts, to meet the varying forms of proof,—no election of counts will, in ordinary circumstances, be required, but all will be left open for the jury to pass upon."

*Tobin* v. *The People*, 104 Ill. 566, cited by counsel for the defendant, does not conflict in the least with the rule indicated in the cases cited. In that case the joinder of counts was held to be proper, but the judgment was reversed because the jury had failed to determine under which count of the indictment defendant was guilty,—that where there was a count for robbery, larceny, and receiving stolen property, a general verdict of guilty could not be sustained. There was no motion to require an election in that case, as here, and no ruling on the point involved in this case. Upon an examination of the evidence which was before the court when the motion was denied, it is apparent that the offence charged in the two counts of the indictment grew out of one transaction,—that the two offences charged, formed a part of one transaction. Under such circumstances it is clear that the motion requiring the prosecution to elect was properly overruled.

The court gave for the defendant eight instructions, as asked, and two as modified,—in all ten instructions,—and refused four. The refusal to give the four is assigned for error.

The first refused instruction in substance informed the jury that the defendant should not be convicted upon the uncorroborated evidence of an alleged confession made by him to a witness, and, unless there is other evidence showing that defendant, at the time the goods were recived, knew they were stolen, they should acquit, etc. Where a crime has been committed, the admissions of a party charged with the crime, deliberately made, are always admissible for the purpose of

showing the guilt of the accused, and the jury, who are the judges of the weight to be given to all evidence, may convict on such evidence, if they believe it sufficient. We regard this rule well settled, both by the authorities and the well established practice in criminal cases. In a case of this character it was necessary to prove that the goods had been stolen, by evidence independent of the confessions of the defendant. When that fact, which may be regarded as the *corpus delicti*, was established, then the defendant may be convicted upon evidence of his own confessions. *Williams* v. *The People*, 101 Ill. 382.

As to the second refused instruction, the substance of all that is contained in it was given to the jury in defendant's instruction No. 8, and a repetition in a different form of expression was not required.

As to the third refused instruction, all that is embraced in it proper for the consideration of the jury was given in instruction No. 4 and modified instruction No. 6, and it was not error to refuse the instruction as drawn. Indeed, the jury were fully, and, so far as disclosed by the record, fairly instructed in regard to every legal principle involved in the case; and even if it be true that some of defendant's refused instructions contained correct propositions of law, his case was not injured by their refusal.

So far as appears by the record, the defendant has had a fair and impartial trial. The evidence was sufficient to warrant a verdict of guilty, and we perceive no ground upon which the judgment ought to be reversed. It will therefore be affirmed.

*Judgment affirmed.*