SAMUEL BARTLEY

v.

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Mt. Vernon May 10, 1895.*

1. INDICTMENT—*foreman of grand jury need not personally note names of witnesses.* The foreman of a grand jury discharges his duty when he sees that the names of witnesses are properly noted upon the back of an indictment, whether he does it himself or has it done by the prosecuting attorney or some member of the grand jury other than himself.

2. EVIDENCE—*threats, not inducing a confession, not ground for its exclusion.* Where the circumstances proved show a confession of guilt was freely and voluntarily made, it should be admitted in evidence, although there may be evidence of threats or promises made at the time the confession was obtained.

3. SAME—*confession of accused will sustain conviction.* A conviction may be had upon proof that a crime has been committed as alleged in the indictment, and the confession of the accused that he was the person who committed it, although there is no other evidence of his identity.

4. INSTRUCTIONS—*modification of, as to confession.* The addition of the word "alone" to an instruction that if the jury have any reasonable doubt as to whether or not a confession was obtained by threats and promises they should not convict on it, in no way changes the force or meaning of the instruction, and is not error.

5. CRIMINAL LAW—*a minor may waive copy of indictment and list of witnesses.* A minor accused of crime may waive the right to a copy of the indictment and list of witnesses and jurors, there being no difference between criminal proceedings against minors and those against adults.

6. CONSTITUTIONAL LAW—*act establishing State reformatory valid.* The act establishing the State reformatory, (Laws of 1891, p. 52,) and the act amending the same, (Laws of 1893, p. 168,) are constitutional and valid. *People ex rel.* v. *Illinois State Reformatory,* 148 Ill. 413, followed.

WRIT OF ERROR to the Circuit Court of Gallatin county; the Hon. E. D. YOUNGBLOOD, Judge, presiding.

D. M. KINSALL, GEORGE W. PILLOW, and J. J. PARISH, for plaintiff in error:

Section 17, chapter 78, page 1425, of Starr & Curtis' Statutes, provides that the foreman of the grand jury

shall, in each case in which a true bill is returned into court, note thereon the names of the witnesses upon whose evidence the same shall have been found. This is a statutory requirement of an official act from an officer that can have no deputy, and hence must be performed by him, and him alone, and before the returning into court of the indictment.

The flattery of hope and the torture of fear were both applied to the young and inexperienced mind of the defendant, to cajole or extort from him a confession of his guilt. And such means having been used, the evidence of the confession was not admissible and should not have gone to the jury. 1 Greenleaf on Evidence, secs. 219, 220, 222; *Austine* v. *People*, 51 Ill. 236.

MAURICE T. MOLONEY, Attorney General, T. J. SCO-FIELD and M. L. NEWELL, of counsel, and WILLIAM R. McKERNAN, States Attorney, for People :

In determining whether a confession be admissible or not, the only proper question is whether the inducement held out to the defendant is calculated to make his confession an untrue one. 3 Russell on Crimes, (9th Am. ed.) 367; 3 Am. & Eng. Ency. of Law, 451.

The law seems settled that a confession is not involuntary because it appears to have been caused by the exhortations of a person in authority to make it as a matter of religious duty, or by an inducement collateral to the proceeding, or by inducements held out by a person not in authority. Stephen's Digest of Evidence, (May's ed.) 72 ; 3 Am. & Eng. Ency. of Law, 451.

Confessions are received in evidence, or rejected as inadmissible, under a consideration whether they are or are not entitled to credit; and.if made under inducements, such inducements must be made by persons in authority. 3 Am. & Eng. Ency. of Law, 456, and cases cited.

Mere suggestions or advice to an accused to confess, or even solemn adjurations to do so by one holding no official position, will not render a confession inadmissible. But in all cases, the age, experience and constitution of the person making the confession, and the circumstances under which it was made, should be taken into consideration in determining the question of its admissibility. *State* v. *Fredericks,* 85 Mo. 145.

Mr. CHIEF JUSTICE WILKIN delivered the opinion of the court:

At the September term of the circuit court of Gallatin county plaintiff in error was convicted of the crime of burglary, and sentenced to the State reformatory at Pontiac, to be there imprisoned until discharged according to law. To reverse that judgment this writ of error has been sued out.

The first error assigned is, that the court below erred in overruling defendant's motion to quash the indictment. That motion was based upon the fact that the names of the witnesses upon whose evidence the indictment was found were not indorsed upon it by the foreman of the grand jury. That the names of such witnesses were properly noted on the back of the indictment is not denied, but the objection is that they were not written by the foreman, and are in the handwriting of the prosecuting attorney. This objection is without merit. Section 17, chapter 78, page 1424, of Starr & Curtis' Statutes, makes it the duty of the foreman of the grand jury, when a true bill is found, to indorse it as such, signing his name, as foreman, at the foot of such indorsement, and also requires him to "note thereon the name or names of the witnesses upon whose evidence the same shall have been found." This statute, in our opinion, is fully complied with when it appears from the indictment that the witnesses' names are indorsed upon it. The foreman has discharged his duty when he sees that the proper note is

made, and whether he writes the names himself, or has it done by the prosecuting attorney or some member of the grand jury other than himself, is a matter of no consequence. The object of the statute in requiring the note to be made is to notify the defendant of the witnesses who have testified before the grand jury, and that object is as well accomplished when their names are written by the prosecuting attorney as when they are in the handwriting of the foreman. The indorsement is the act of the foreman, no matter who does the writing. *Scott* v. *People*, 63 Ill. 508, sustains this view. *Andrews* v. *People*, 117 Ill. 195, relied on by counsel for plaintiff in error as sustaining a contrary conclusion, is not in point. It does not hold that the names of witnesses must be indorsed in the handwriting of the foreman of the grand jury, and no such question was raised in the case. The first assignment of error must be overruled.

On the trial the prosecuting witness, Keane, testified as follows : "My store was broken into in June, 1893. It was on Saturday night. I missed about one dollar in silver and about three hundred pennies. There was a pane of glass broken out, and a board nailed over it, where the entry was made. When I thought I was on to him I went to see his father. As it happened, his father had gone to Kentucky. On Saturday night I started around to see his father again, and the boy overtook me and asked me if I hadn't missed some money. I said I had, and he said he had found some pennies somewhere. I did not understand where, at the time. I turned around and said to him, 'Sam, you might just as well come out with the truth,—you know I am on to you.' I told him I had been tracing where he had spent the money, and he might as well confess it, or I would put him where the dogs would not bite him. I told him : 'I have found out that you have been spending all those pennies. I want you to confess or we will have some trouble over this, and you may be put where the dogs won't bite you,' and

in that connection I told him he had better tell the truth. I did intend to prosecute him, I told him. I said to him, 'Sam, if you will be a good boy and tell me all about it, I will make it as light as possible.' He then said : 'For God's sake, don't tell pa about it. I will tell the truth.' He told me he had climbed in the window and got the money. He said he would pay me back if I would not tell his pa. The defendant is about seventeen years old." This was all the testimony offered in the case except that of one Bartley, which only corroborated the witness Keane as to what he said to the defendant prior to his confession.

It is contended that the trial court erred in admitting the testimony of Keane as to the defendant's confession. This position is based upon the insistence that the testimony shows that it was obtained by promises and threats, and, as is said, was prompted by "the flattery of hope and the torture of fear." In view of the fact that the defendant is but seventeen years of age, and was convicted on his own admission that he committed the crime, this becomes a very serious and important question in the case, and we have endeavored to give it careful consideration.

The rule relied upon by counsel for plaintiff in error as excluding the testimony is cited in *Austine* v. *People*, 51 Ill. 236, as follows : "A confession can never be received in evidence when the prisoner has been influenced by any threat or promise, for the reason the law cannot measure the force of the influence used, or decide upon its effect on the mind of the prisoner, and therefore excludes it, if any degree of influence has been exerted.—2 Starkie's Ev. 36." The material inquiry, under this rule, when testimony of a confession is offered, is whether it was obtained by the influence of hope or fear,—that is to say, even though threats or promises may have been made, still, if it satisfactorily appears that the confession was not induced thereby, but was voluntarily made, it is competent; and as said in 1 Greenleaf on Evidence, (sec. 219):

"The evidence to this point, being in its nature preliminary, is addressed to the judge, who admits the proof of the confession to the jury, or rejects it, as he may or may not find it to have been drawn from the prisoner by the application of those motives. This matter resting wholly in the discretion of the judge upon all the circumstances of the case, it is difficult to lay down particular rules, *a priori*, for the government of that discretion." By the rule first above quoted the confession becomes incompetent whenever any degree of influence has been exerted, because the law presumes that it was prompted by that influence, and we think any sufficient testimony to rebut that presumption will justify the court in admitting the testimony. If there is sufficient in the facts and circumstances proved to show that the confession was freely and voluntarily made, there can be no abuse of the judicial discretion of the court in allowing the confession to be proved before the jury, although there may be evidence of threats or promises at the time it was made. The record in this case shows that, before admitting the evidence to go to the jury, the court heard (out of its presence) the statement of the witness as to what took place between himself and the defendant just before the confession was made, and thereupon decided that the evidence was competent. In doing so, we cannot say he abused his discretion in that ruling. A significant fact tending to show that the confession was voluntarily made is, that up to that time the defendant had not been arrested or even publicly accused of the crime, and that he, of his own accord, sought the opportunity to talk with the witness about the loss of his money, and manifested no disposition then, or afterward, to deny his guilt, neither is it now claimed that what he then said was untrue. We think, under all the facts and circumstances testified to by the prosecuting witness, the court below properly admitted his testimony.

But it is said the evidence was not sufficient to warrant the conviction, there being nothing proved against the defendant except his own admission. The fact that a crime had been committed, as alleged in the indictment, was fully established by the testimony of Keane. The *corpus delicti* being proved independently of the confession, and the proof of the confession being competent, it was sufficient, under the rule in this State, to justify a verdict of guilty. *Andrews* v. *People,* 117 Ill. 195.

Counsel for the defendant requested the court to instruct the jury, "that if they had any reasonable doubt as to whether or not the confession was obtained by threats or promises, they should not convict on such confession." The court added the word "alone," and gave it thus modified. It is insisted this was prejudicial error. We do not think so. The additional word in no way changed the force or meaning of the instruction.

Prior to the arraignment of the accused, he, by his counsel, in open court, waived a copy of the indictment and list of witnesses and jurors, and his counsel now contend that it was error to allow such waiver. This contention is based upon the sole ground that, being a minor, the defendant could not, by himself or counsel, waive the right to such copy and lists. It is insisted that as an infant party to a civil suit cannot deprive himself of any right by waiver, for the same, or even greater, reasons he cannot do so in a criminal prosecution. In answer to this position it need only be said, that under the criminal law of this State minors may be guilty of crimes, and tried and punished the same as adults, the only difference being that in certain cases the punishment may be different. There is nothing in the statute or common law, in conformity with which criminal trials are had in this State, requiring a different procedure when the defendant is a minor from that in other cases. Courts will always see to it that no substantial right of a defendant is waived

except upon a full understanding of the right and the consequences of his waiving it. Furnishing a prisoner a copy of the indictment and a list of the witnesses and jurors before arraignment, as provided by our statute, is rather a matter of form than substance, and when the record shows that he, either in person or by his counsel, expressly waived it, we have no doubt that he is concluded thereby.

The remaining question raised upon the record, viz., that the act establishing the State reformatory, (Sess. Laws of 1891, 52,) and the amendments thereto, (Sess. Laws of 1893, 168,) are unconstitutional, is fully disposed of by what we said in *People ex rel.* v. *State Reformatory*, 148 Ill. 413.

We find no reversible error in this record, and the judgment of the circuit court must be affirmed.

*Judgment affirmed.*