ROBERT DAVIS, Plaintiff in Error, *v.* THE PEOPLE, Defendants in Error.

### ERROR TO HARDIN.

It is essential, in all criminal prosecutions, that the name of the party injured or killed should be proved as laid.

That a juror is over sixty years of age, is not a disqualification, and if he is accepted, with a knowledge of that fact, by the accused, it is not ground for a new trial.

If an officer having charge of a jury permits any member of it to drink spirituous liquors after he is sworn, (but before the case is submitted,) he may be punished for it, but the verdict will not be vitiated.

THIS was an indictment, found by the grand jury, at the May term, 1857, of the Circuit Court of Hardin county, charging Robert Davis, the plaintiff in error, with the murder of Seth Taylor.

The indictment alleges, in substance, that Robert Davis, on the fifth day of September, in the year 1856, struck Seth Taylor upon his head, with a large stick, thereby inflicting upon said Taylor a mortal wound, of which said mortal wound the said Seth Taylor died.

At the October term, 1857, of the Hardin Circuit Court, the defendant, Davis, pleaded not guilty. A trial was had, and the jury found him guilty of manslaughter, and fixed his term of confinement in the penitentiary at seven years.

The bill of exceptions shows that Sylvester Turner was sworn and examined as to his competency as a juror. Turner stated that he would convict upon circumstantial evidence if it was strong enough, and supposed a case in which the circumstances might induce him to convict, but said even upon his supposed case there might be a doubt. The counsel for the defense then asked Turner what he would do in case of such a doubt, and the question not seeming to be understood, the counsel for the defense propounded to Turner this question:

" Suppose you should be sworn upon this jury, and the evidence should be of such a character as to lead you to believe, as a man, that the defendant was guilty, or such that a bystander would believe he was guilty—yet you, as a sworn juror, in sifting over the whole evidence, should find a reasonable doubt as to whether the defendant was actually guilty—would you give him the benefit of such a doubt and turn him loose ?"

Turner answered, " I don't think I would." The court thereupon decided Turner to be a competent juror, upon the ground that he did not believe the juror understood the full

import of the question. The defendant, Davis, excepted, and peremptorily challenged the juror.

John Miller, being sworn and examined touching his competency as a juror, stated that he was sixty-two years of age. The court informed Miller that his being over sixty years of age exempted him from serving. Miller said he was willing to serve—the court decided him competent—the prosecuting attorney tendered him to the defendant—the counsel for the defense accepted him, and he was sworn upon the jury, the defendant being present, aiding and assisting his counsel in selecting the jury.

The witnesses all spoke of deceased as "Taylor," without any other identification.

The instructions given by the court to the jury, for the prosecution, were as follows:

" If you believe, from the evidence, that the defendant killed the deceased, by striking him on the head with a stick, that the size of the stick was such, that in the hands of a man of ordinary strength, striking a violent blow with it on the head, it was a dangerous weapon, and that the necessary consequence of the blow struck by the defendant, with such a stick, upon the head of the deceased, was to destroy his life, and that his death was caused by such blow, you should find defendant guilty of murder."

" If you believe, from the evidence, that defendant killed deceased, by striking him on the head with a stick, as charged in the indictment, you should find him guilty of murder."

" If you believe, from the evidence, that the defendant killed the deceased with a stick, but when he struck the blow, if the evidence satisfies your mind that it was not his intention to kill him, but only to chastise him, you should find him guilty of manslaughter, and fix his time of confinement in the penitentiary for any period not exceeding eight years."

" Before you convict, for either murder or manslaughter, you must be satisfied, from the evidence, that deceased's death was occasioned by the blow on his head, struck by defendant; you are to judge from the whole evidence, and if your minds are satisfied, beyond a reasonable doubt, that the death of deceased resulted from such blow, you should find him guilty."

" If you believe, from the evidence, that the stick in question was a large one, and that the necessary consequence of a violent blow with it on the head, by a man of ordinary strength, would be to destroy human life, the law regards such a stick, when used in striking a fellow creature, as a deadly weapon—and if you further believe, from the evidence, that defendant struck

deceased with such a stick upon the head, and thereby caused his death, he is guilty of murder."

" The court further instructs you that although you may believe that the character of Lyons, one of the prosecuting witnesses, has been impeached to a greater or less extent, yet if you believe he has sworn the truth in the material parts of his evidence, you are not bound to throw his evidence aside because it may not be corroborated in some particulars of minor importance—if you believe his evidence, in the material parts of it, to be true, and from the whole evidence, if you believe the defendant is guilty of murder or manslaughter, you should find accordingly."

" If the jury believe, from the evidence, that the defendant struck the deceased with a stick, and that the said stick was a large one, and that its necessary consequence, in the hands of an ordinary man, when striking a human creature on the head with it, would be to destroy human life, the law considers such a stick to be a deadly weapon. Therefore, if you believe, from the evidence, that the defendant struck the deceased with such a stick on the head, that the violence of the blow knocked him down and produced insensibility, speechlessness, and other symptoms of a fatal character, and that, suffering great agony, he died within the space of twenty hours or thereabouts, after the wound was given—these are all circumstances which you should take into consideration, in coming to a conclusion as to whether the blow occasioned the death of deceased."

To all which instructions defendant excepted.

Fifth instruction asked for by the defendant:

" Although it is true that the jury are to determine, from the evidence, whether the blow, charged to have been given by the defendant, was the cause of Taylor's death, yet, it is by medical testimony alone that the agency of the alleged violence, as a cause of death, is to be determined. That is, in determining whether Taylor's death was caused by the blow alleged, the jury must look alone to the evidence given by the physicians, and, unless it is proven by such evidence that Taylor's death was caused by the blow alleged, the jury must find the defendant not guilty."

This instruction the court refused to give, and the defendant excepted.

Twelfth instruction asked for by the defendant:

" The court further instructs the jury, for the defendant, that the opinions of physicians, as to a cause of death are entitled to great weight—and if the physicians refused to give it as their opinion that Taylor's death was caused by the blow

charged, such refusal should be attentively considered by the jury."

The court refused to give this instruction, as asked, but gave it with the following modification :

"*Unless the refusal was in consequence of the meagre and imperfect description of the wound, as given by the witnesses.*"

Defendant excepted.

The jury thereupon returned a verdict, finding the defendant guilty of manslaughter, and fixing his term of confinement in the penitentiary at seven years.

The defendant moved for a new trial, and in arrest of judgment, upon the following grounds :

1st. Because the verdict was contrary to law.

2nd. Because the verdict was contrary to evidence.

3rd. Because the court erred in deciding Sylvester Turner to be a competent juror in this cause.

4th. Because the court erred in deciding that John Miller was a competent juror, and allowing him to sit as such.

5th. Because the court erred in giving to the jury, on behalf of the prosecution, the foregoing instructions.

6th. Because the court erred in refusing to give instruction number 5 for defendant.

7th. Because the court erred in refusing to give instruction number 12 as asked for by the defendant, and in giving said instruction as modified by the court.

8th. Because a portion of the jurors acted improperly and irregularly, in drinking spirituous liquors in company with persons not belonging to the jury, at a public grocery, after they had been sworn.

The eighth ground was based on an affidavit of the defendant, that a portion of the jurors, after they were sworn, and before the entire panel was made up, went, in company with other persons, not of the jury, to a public grocery, and drank spirituous liquors.

The motion for a new trial and in arrest of judgment was overruled, and judgment and sentence entered in accordance with the verdict.

N. L. FREEMAN, Attorney for Plaintiff in Error.

J. ROBINSON, District Attorney, for The People.

BREESE, J. This judgment must be reversed, because the evidence does not show that the person struck and killed was *Seth Taylor*, as alleged in the indictment. In no part of the evidence, which is spread upon the record, is he thus indicated.

He is referred to by all the witnesses as " Taylor,"—whether the Seth Taylor named in the indictment, or not, the court may presume, but cannot say with certainty. It is not so proved.

It is essential, in all criminal prosecutions, that the name of the party injured, or, as in this case, killed, should be proved as laid. There is no conflict of authority on this point.

Had the objection been made in the court where the trial was had, a new trial would have been allowed and the error there corrected. It is made for the first time in this court.

The challenges to certain jurors for cause were properly disallowed. It is manifest, from the manner in which Turner was examined, that the counsel were disposed rather to subject him to ridicule than to have the true state of his own convictions brought out.

As to the other juror—Miller—his being over sixty years of age was not a disqualification ; it was but an exemption—and the defendant voluntarily chose him as a juror, knowing the facts.

The instructions given by the court, considered in reference to the proof offered, and taken together, are not objectionable. The officer having charge of the jury, permitting any member of them to drink spirituous liquors, was certainly very culpable, and would have been properly punished by the court, but it is not such conduct as would vitiate a verdict. For the error above noticed, however, the judgment must be reversed and the cause remanded, and a *venire de novo* awarded.

*Judgment reversed.*