JOHN SHEPHERD

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

1. CRIMINAL LAW—*identity of party killed must be shown on trial for murder.* On the trial of one for murder, the party killed must be proved to be the same person named in the indictment—the identity must be established.

2. But this may be done by the man's occupation as well as by his christian name; thus, where the christian name of the party killed was given in the indictment, and he was spoken of by the witnesses by his surname only, but was also spoken of as the barber, and the evidence was that he was a barber, and the only one in the place of that surname, it was *held,* that the identity was sufficiently established.

3. INSTRUCTION—*must be based upon evidence.* Instructions upon questions not in the case, as made by the evidence, and which have no connection with it, should not be given.

WRIT OF ERROR to the Circuit Court of Franklin county; the Hon. MONROE C. CRAWFORD, Judge, presiding.

Mr. THOMAS J. LAYMAN, for the plaintiff in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was a prosecution in the Franklin circuit court, against John Shepherd, for murder. A verdict of guilty was rendered, and the prisoner sentenced to fourteen years confinement in the penitentiary.

To reverse this judgment, the record is brought here by writ of error, and various errors assigned, the most important of which have been fully considered.

The homicide consisted in killing a barber, one Wesley John-
son, in his shop, with a pistol. The *factum* was undisputed.
The justification alleged was, that the barber had had criminal
conversation with the wife of the prisoner.

The instructions to the jury were very voluminous, as asked,
on both sides, which it is not necessary to examine *seriatim.*

The points relied on to reverse the judgment are: That it
was not proved that the Johnson killed by the prisoner was
the Wesley Johnson named in the indictment.

That the party killed must be proved to be the same person
named in the indictment, is a clear principle—the identity
must be established. *Davis* v. *The People,* 19 Ill. 74. That
identity was established in this case is clearly shown, as all the
witnesses speak of the Johnson killed as Johnson "the barber,"
and there was but one such at the place of killing, whose name
was charged in the indictment to have been Wesley Johnson.
A man can be identified by his christian name or by his occu-
pation, and this victim was identified by his occupation. The
prisoner's counsel, in instructions asked of the court in his be-
half, refers to the person killed as Wesley Johnson. In fact,
there was no question as to identity.

The principal point made by the prisoner's counsel is upon
the instructions, in several of which the question of the insanity
of the prisoner was sought to be made a feature in the case, to
support which there was not a scintilla of testimony; a doubt,
even, of his sanity was not raised, and all instructions sought
on that point were properly refused, as having not the remotest
connection with the case. The act was done by the prisoner
coolly and deliberately, with the intention, deliberately formed,
to take the life of Johnson. He meditated on it for some time,
and proceeded with all imaginable coolness and deliberation to
do the deed of death. It was the offspring of malice and re-
venge for an alleged violation of his marital rights, of the truth
of which there is not, in the record, any proof. All the instruc-
tions containing the element of insanity should have been re-
fused by the court, there being no testimony whatever on which
to base them.

It is complained by prisoner's counsel, that the court refused to give the first and third instructions asked by him, which are substantially the same. The third is as follows:

"The court further instructs the jury, that although you may believe, from the evidence, that the prisoner killed Wesley Johnson, yet if, from the evidence and all the circumstances connected with or causing the killing, you further believe that the killing stands upon the same or an equal footing of reason and justice as the case mentioned in the preceding instruction, then you should find the defendant not guilty."

"The preceding instruction," which was also refused, and for which no complaint is made, was as follows:

"The court instructs the jury, that among the cases of justifiable homicide or man-killing, the law declares that the killing of a person who manifestly intends and endeavors, in a violent, riotous or tumultuous manner, to enter the habitation of another for the purpose of assaulting or offering personal violence to a person dwelling or being therein, is justifiable."

As this instruction had nothing to do with the case, and was properly refused, the third, making special reference to it, was properly refused, as there was no evidence by which the jury could be informed that this case stood upon the same or an equal footing as where death is caused in self-defense or in defense of one's habitation, as provided in the statute.

The instruction is claimed to be framed upon section 38 of the Criminal Code, which, after defining the various kinds of homicide justifiable and excusable, provides, that "all other instances which stand upon the same footing of reason and justice as those enumerated, shall be considered justifiable or excusable homicide." R. S. 1845, p. 157.

It will not be denied this section gives to juries a large discretion, but it could not have been the intention of the legislature to allow them to reach conclusions without any evidence to justify them. It can not be they can act in such cases from

mere whim and caprice. There being nothing in the evidence to place this case on the same footing as the cases enumerated, the instruction was properly refused as irrelevant.

It is complained, that the second instruction given for the people was erroneous. It was as follows:

"Malice includes not only anger, hatred and revenge, but jealousy and every other unlawful and unjustifiable motive."

This instruction is inaccurate, and should not have been given, but it could not have worked any injury to the prisoner, the evidence, being so overwhelming and conclusive of his guilt, fully warranting the verdict as rendered.

It is unnecessary to consider the fourth, fifth and sixth instructions of the prisoner, raising the question of sanity, and the modification of the same by the court, for the reason already given, of the total absence of testimony on which to base such a question.

As to the objection that the court refused time to prisoner's counsel to argue a motion for a new trial, we perceive no error in this regard, as the term of the court in the county of the trial terminated, by law, on the night in which the verdict was rendered, and it would have been against the law to have held the court there on the following Monday. Besides, the record, as presented, discloses no ground whatever for a new trial.

On full consideration, we are satisfied this record contains no error, and the judgment of the circuit court must be affirmed.

*Judgment affirmed.*