## STATE *vs* JOHN S. O'BRIEN.

Exemption from jury duty is not a disqualification to act as juryman. It is a personal privilege which may be claimed or waived.

EXCEPTIONS to the Court of Common Pleas.

The defendant was indicted in the Court of Common Pleas for keeping a liquor nuisance. When the indictment was called for trial he exhausted his peremptory challenges of jurymen, and then challenged one B., on the ground that B. was a constable of the

town of Pawtucket, and therefore not qualified to sit as a jury-
man. The presiding justice refused to allow the challenge, and
ruled that the statutory exemption of constables from jury duty
was a personal privilege which B. could claim or waive, but was
not a disqualification for which B. could be challenged by the de-
fendant. It was admitted that B. was a constable. To this rul-
ing the defendant excepted.

*October* 4, 1883. PER CURIAM. We are of opinion that a per-
son who is exempted from jury duty by the statute is not thereby
disqualified from serving as a juror, his exemption being a per-
sonal privilege which he may either claim or waive at his option.
This, so far as we know, is the opinion which has always pre-
vailed in this court as a matter of practice, although there is no
reported decision. The opinion is however in accordance with the
reported decisions of other States. *Munroe* v. *Brigham*, 19 Pick.
368; *State* v. *Forshner*, 43 N. H. 89; *State* v. *Wright*, 53 Me.
328; *Davis* v. *The People*, 19 Ill. 74; *Murphy* v. *The People*, 37
Ill. 447.                                    *Exceptions overruled.*

*Samuel P Colt*, Attorney General, for plaintiff.

*John M. Brennan*, for defendant.