THOMAS LITTLE

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa June 5, 1895—Rehearing denied October 16, 1895.*

1. APPEALS AND ERRORS—*when error in proof of value of stolen property will not reverse.* The admission of a question, in a prosecution for larceny, asking the *present* worth of the stolen property, which was not objected to on the specific ground that the proof should be confined to the value *at the time of the theft*, is not reversible error.

2. EVIDENCE—*what will support finding of value of stolen property.* Testimony to the value of stolen property, given in answer to the question, "How much *is* it worth?" is sufficient to warrant a finding by the jury of such value.

3. VARIANCE—*unsubstantial variance is not cause for reversal.* An unsubstantial variance between the name of the owner of stolen property, as laid in an indictment for larceny and as shown by the proof, is not cause for the reversal of a judgment of conviction.

4. SAME—*Christian name of owner of stolen property sufficiently proved by initials.* A judgment of conviction of larceny will not be reversed because the Christian name of the owner of the stolen property was proved only to the extent of the initials, no question as to the identity of such owner being made at the trial.

5. TRIAL—*instruction that each juror should decide for himself, not proper.* A requested instruction in a prosecution for larceny that each juror shall decide for himself what his verdict shall be, is properly refused, although made in connection with some accurate statements of the law, as it erroneously implies that each juror should act independently of the others.

6. CRIMINAL LAW—*improper instruction as to meaning of "reasonable doubt."* A requested instruction that a reasonable doubt is that state of the case which, after careful comparison of all the evidence and a deliberate consideration of the law, leaves the minds of the jurors in that condition that they cannot say that they have an abiding conviction, to a moral certainty, of the truth of the necessary fact as charged in the indictment, and that the evidence must establish every fact necessary to constitute the crime to a certainty that convinces and directs the understanding and *fully* satisfies the reason and judgment of each juror, is properly refused.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. ABNER SMITH, Judge, presiding.

DANIEL DONAHOE, and JAMES W. HARTNETT, for plaintiff in error.

MAURICE T. MOLONEY, Attorney General, and T. J. SCOFIELD and M. L. NEWELL, of counsel, for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

Plaintiff in error was convicted in the Criminal Court of Cook county of the larceny of a diamond stud, and sentenced to imprisonment in the penitentiary for one year.

It is first objected that the evidence was not sufficient to authorize a verdict of guilty. No reason is pointed out, and we see none, why the jury should not have believed the testimony of the witnesses for the People, and if the jury did believe their testimony the evidence was sufficient to convict.

It is next objected that the value of the property stolen, at the time and place of the taking, was not proved. Some carelessness seems to have been exhibited in framing the bill of exceptions, as well as in adducing the evidence, on this branch of the case. The prosecuting witness detailed the circumstances of the larceny of the stone, and then the record proceeds as follows:

Q. "What did you do then?

A. "I put my hand up and my stone was gone.

Q. "How much is it worth?

A. "Two hundred or two hundred and twenty-five dollars.

Mr. Donahoe: "I move that it be excluded.

Mr. Dwight: "We object to it.

The court: "On what ground?

Mr. Donahoe: "I don't wish to argue it. (Motion overruled, and defendant excepts.)"

Technically the form of the question was incorrect, and had not counsel refused to point out the objection to it the court would doubtless have required the attorney for the People to so frame his question as to call directly

for the value of the stolen property at the time of the theft. The defect was one that could have been cured, had it been pointed out, by a mere change in the form of the question. Plaintiff in error is therefore in no position to insist on a point of this character in this court, which he not only failed but refused to make in the court below.

But counsel insist that, the value proved not being the value required by law, there is, in legal contemplation, no value proved. This position is untenable. From the nature of the property stolen and the value as given by the testimony of this witness, there being no other evidence on the question, the jury were warranted in fixing the value of the property at $200.

The next contention of plaintiff in error is, that there is a variance between the name of the party injured, or the owner of the property, as laid in the indictment and as shown by the proof, the name stated in the indictment being "John F. Hinckley," and as shown by the evidence "J. F. Hinckley." Counsel say it cannot be known whether Hinckley's Christian name is John, James or Joseph, and that the judgment should be reversed because of this alleged variance. The indictment was properly framed, even under the strict rule laid down in *Willis* v. *People*, 1 Scam. 399. But the question is whether the proof sustains the allegation that the property stolen was the property of John F. Hinckley. It is a question of identity. In *Shepherd* v. *People*, 72 Ill. 480, Shepherd was indicted for the murder of Wesley Johnson. No proof was made of the Christian name of the deceased, and he was mentioned in the evidence by his surname only. But it was proved that he was a barber, and the only barber in the place where the killing took place, and it was held that his identity with the Wesley Johnson named in the indictment as the person killed was sufficiently established. In this element of proof that case was unlike the cases of *Davis* v. *People*, 19 Ill. 74, and *Penrod* v. *People*, 89 id. 150. The judgments in the latter cases were reversed

because the surnames, only, of the persons killed were proved, no other proof of identity having been adduced. In civil cases this court has held that there is no substantial variance between an allegation of a name where the full Christian name is given, and the evidence where the surname is the same but the initials only of the Christian name are proved. (*Greathouse* v. *Kipp*, 3 Scam. 371; *Ross* v. *Clawson*, 47 Ill. 402.) It seems that the general rule is, that less strictness is required in giving the names of third persons than of the parties to the proceeding. (16 Am. & Eng. Ency. of Law, 130, note.) The object in naming the injured person in criminal proceedings is to identify the transaction, so that the accused may not be twice tried for the same offense. (*Shepherd* v. *People* and *Willis* v. *People, supra; State* v. *Angel*, 7 Ired. 27.) The use of the initial letters in place of the full Christian name has become general among all classes of people, and a judgment of conviction, otherwise free from error, ought not to be reversed because in the evidence the Christian name of the owner of the property stolen was proved only to the extent of the initials. No question was raised on the trial that the witness J. F. Hinckley, who testified to the theft of the diamond from his person, was not the John F. Hinckley named in the indictment. There can be no reasonable doubt as to the identity, and it will be presumed that the John F. Hinckley named in the indictment and the J. F. Hinckley mentioned in the proof as the owner of the property are one and the same person. There is no substantial variance, and an unsubstantial one cannot operate to reverse the judgment.

Complaint is made, also, of the refusal by the trial court to give certain instructions, fifteen in number, asked on behalf of plaintiff in error. These refused instructions were in the main plainly erroneous, and were properly refused. The substance of others was embraced in those given. It is unnecessary to set them out and review them in detail here, but we have carefully exam-

ined them and the arguments of counsel respecting them, and do not find that the court below committed any error in refusing to give them to the jury.

We think it unnecessary to refer specially to any of the refused instructions asked by defendant below, except the fourteenth and fifteenth.   They are :

14. "The court further instructs the jury that they can only agree to convict or acquit the defendant.   Each juror should decide for himself, upon his oath, from the law and the evidence, as to what his verdict should be. No juror should yield his deliberate, conscientious convictions as to the guilt or innocence of the defendant, either at the instance of a fellow juror or at the instance of a majority.   No juror should surrender his honest convictions as to the guilt of the defendant for the sake of unanimity or to avert a mis-trial.

15. "The court instructs the jury that a reasonable doubt is that state of the case which, after a careful comparison of all the evidence and a deliberate consideration of the law, leaves the minds of jurors in that condition that they cannot say that they have an abiding conviction, to a moral certainty, of the truth of every necessary fact as charged in the indictment.   It is not sufficient to establish a strong probability that any one necessary fact charged is more likely to be true than the contrary, but the evidence must establish the truth of every fact necessary to constitute the crime charged to a reasonable and moral certainty—a certainty that convinces and directs the understanding, and fully satisfies the reason and judgment, of each juror, who is bound to act conscientiously."

Both of these instructions, while containing some accurate statements of the law, are yet erroneous and misleading.   It is the duty of jurors, in making up their verdict, to consult with each other, and not to act each independently of the others, as would be implied from the fourteenth instruction.   The fifteenth, while purport-

ing to explain to the jury what is meant, in law, by the term "reasonable doubt," would itself need more explanation and elucidation than the term it undertakes to define. Among the instructions given was one which contained the following : "It is your sworn duty to fairly and impartially consider his (the defendant's) testimony, together with all the other evidence in the case, and if, from all the evidence in the case, including that given by the defendant, you entertain any reasonable doubt of his guilt, then you must find him not guilty." It would have been proper to give to the jury an instruction properly defining the term "reasonable doubt," had such an instruction been asked, although it has been doubted by many eminent judges and text-writers whether attempts to explain the meaning of the term "reasonable doubt" do not lead to confusion and misunderstanding in the minds of the jury rather than to clearer comprehension, the term itself being as easily and readily understood as any definition of it. (*Hamilton* v. *People,* 29 Mich. 194; *People* v. *Stubenvoll,* 62 id. 329 ; *State* v. *Reed,* 62 Me. 142; *Mickey* v. *Commonwealth,* 9 Bush, 593; *Miles* v. *United States,* 103 U. S. 304 ; 1 Bishop on Crim. Proc. sec. 1094 ; 19 Am. & Eng. Ency. of Law, 1081.) This court has, however, so often defined the term "reasonable doubt," and laid down the rules to be observed in framing instructions to the jury on that subject, that it would seem unnecessary to do so again in this case. In *Dunn* v. *People,* 109 Ill. 635, it was said : "This court has had occasion, in a number of cases, to define the scope and meaning of the term 'reasonable doubt,' and it has been uniformly held that a reasonable doubt is one arising from a candid and impartial investigation of all the evidence, and such as, in the graver transactions of life, would cause a reasonable and prudent man to hesitate and pause." (*Miller* v. *People,* 39 Ill. 457. See, also, *May* v. *People,* 60 Ill. 119 ; *Earll* v. *People,* 73 id. 329; *Spies* v. *People,* 122 id. 1; *Wacaser* v. *People,* 134 id. 438; *Weaver* v. *People,* 132 id. 536.) In the latter case

it was said (p. 542): "The reasonable doubt that will justify and require an acquittal must be as to the guilt of the accused when the whole of the evidence is considered," and not as to any particular fact in the case. Measuring the fifteenth instruction by the rules laid down in these cases, it needs no analysis to show that the trial court ruled correctly in refusing it. An instruction couched in very similar language was condemned in *Dunn* v. *People, supra.*

We are unable to find that the trial court committed any error, and the judgment must be affirmed.

*Judgment affirmed.*

Additional opinion on petition for rehearing:

CARTER, J.: We have again examined the record in this cause, together with the briefs and arguments of counsel in connection with their petition for rehearing, and the authorities cited and others bearing upon the questions involved, and we are unable to come to any different conclusion from the one first announced.

Counsel are mistaken in their contention that the fifteenth instruction set out in the opinion is in substance the same as, and is sustained by, the instructions given to the jury by Chief Justice SHAW in the familiar case of *Commonwealth* v. *Webster*, 5 Cush. 320, on the subject of reasonable doubt. If the rule were as stated in the fifteenth instruction, a greater degree of certainty of the guilt of the accused would be required to be produced by the evidence, before a conviction could be had, than was stated to be necessary by the learned judge in that case or held by the best authorities generally. The learned judge in the *Webster case*, among other things, said: "The evidence must establish the truth of the fact to a reasonable and moral certainty—a certainty that convinces and directs the understanding, and satisfies the reason and judgment of those who are bound to act conscientiously upon it. This we take to be proof beyond a reasonable

doubt, because if the law, which mostly depends upon considerations of a moral nature, should go further than this, and require absolute certainty, it would exclude, circumstantial evidence altogether."

It will be noticed that the reasonable and moral certainty required by the said fifteenth instruction is there said to be "a certainty that convinces and directs the understanding and *fully* satisfies the reason and judgment,"—that is, a certainty that completely or absolutely satisfies the reason and judgment. This would be tantamount to the requirement of absolute certainty, which was expressly said in the *Webster case* not to be necessary. All the authorities are substantially agreed upon this point. If the instruction in question is not clearly open to the construction here put upon it, then it is too uncertain and misleading to be given to the jury in any case.

*Petition for rehearing denied.*