## Philemon L. Austin v. People of State of Illinois.

1. TRIALS—*In Criminal Cases Without a Jury.*—A court has jurisdiction to try a person for a misdemeanor without a jury.

2. PRACTICE—*Exceptions in Criminal Cases.*—Exceptions must be taken by a person on trial for crime, or mere irregularities will be waived. The same rule applies as in civil cases.

3. WAIVER—*Of Rights by Persons on Trial for Crime.*—A prisoner on trial has no right to stand by and suffer irregular proceedings to take place, and then ask to have the proceedings reversed on error on account of such irregularities. The law allowing him counsel to defend him, has placed him on the same footing as other defendants, and if he neglects in proper time to insist on his rights he waives them.

4. PRESUMPTION—*In Favor of the Regularity of Legal Proceedings.*—Where a court has jurisdiction of the person of the defendant and of the subject-matter, it is presumed to have proceeded regularly in all it has done, and unless sufficient cause is shown in the record to rebut the presumption, its judgment must be affirmed.

Indictment, for a misdemeanor. Error to the Criminal Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed March 31, 1896.

### Statement of the Case.

Plaintiff in error was indicted by the grand jury, arrested, bound over for trial and appeared before the Criminal Court for that purpose on May 31, 1895. The indictment contained three counts. The first, charging assault with a deadly weapon with intent to commit murder; the second, assault with revolver; " without any considerable provocation whatsoever, and under circumstances showing an abandoned and malignant heart, did unlawfully, willfully and maliciously make an assault upon one Charles W. Swenk, then and there being, with intent then and there to inflict upon the person of," etc., a bodily injury. The third count charges assault on same Swenk with a blunt instrument.

The record shows that a jury was waived and the case submitted to the court for trial, by oral agreement, not in writing.

The trial judge found plaintiff in error guilty on the second count of the indictment, and sentenced him to pay a fine, $300 and costs, and to stand committed until the fine is paid. Execution issued on the sentence, and he was committed to the jail of Cook county. He then brought this writ.

The motion for a new trial was as follows:

State of Illinois, } ss.
   Cook County. }

             In the Criminal Court of said county.

The People
    v.     } Motion for new trial.
Austin.

And now comes the defendant by his counsel, and moves the court for a new trial in this cause. For the grounds and reasons of the said motion he adduces the following :

1st. Because the court rejected proper evidence in his behalf, to which ruling of the court he excepted.

2d. Because the court admitted improper evidence against him, over his objection, and to which ruling he duly excepted.

3d. Because the evidence in this cause shows conclu-

sively that his action in the matters complained of were justifiable.

4th. Because the evidence in this cause shows that the defendant was not guilty of any of the offenses charged in the indictment.

5th. Because the court erred in finding the defendant guilty.

6th. Because the court erred in his construction of the law pertaining to the case.

7th. Because the act complained of was induced by the wrongful acts and conspiracies on the part of the complaining witness and of others, with the evident intention of committing an unlawful act, and only sufficient force was exercised by the defendant to resist such unlawful attempt.

8th. Because of the other facts and matters appearing from the record, wherein the court erred in his findings.

9th. Because the court refused the divers findings marked " refused," asked by the defendant.

10th. Because the court found the defendant guilty, or rather because the court made the divers rulings against the defendant to which he excepted.


WILLIAM T. BLAIR, attorney for plaintiff in error.


JACOB J. KERN, state's attorney, and BURTON & REICH-MANN, attorneys for defendant in error.

In this State a jury may be waived in every case, except in prosecutions for felony. The constitutional guaranty of a trial by jury extends to all cases triable at common law, both civil and criminal. Nevertheless it has always been possible to waive a jury trial, by consent of the parties, in civil cases, both under the common law and under the statute. To this extent, therefore, at least, the constitutional right may be waived. There is no statute in this State regulating the waiver of a jury in criminal cases, unless it be the recent act in question in this case. It is, there-fore, held as a general doctrine, both in this and in other States, that the constitutional guaranty of a trial by jury,

secures it as it existed under the common law. Ward v. Farwell, 97 Ill. 611; Harris v. People, 128 Ill. 519.

Under the common law a trial by jury was secured only in cases of felony, or in offenses of a higher degree, but did not extend to misdemeanors. It has, therefore, been held that under constitutions similar to ours the right of trial by jury extends to infamous crimes indictable at common law, and not to misdemeanors. People v. Gusher, 20 Barb. 652; State v. Conlin, 27 Vt. 319.

In prosecutions for misdemeanors a jury may be orally waived in open court, by consent of parties. Darst v. People, 51 Ill. 286.

See, to the same effect, Tyra v. Com., 2 Metc. (Ky.) 1; State v. Borowsky, 11 Nev. 119; State v. Cox, 8 Ark. 436; Sarah v. State, 28 Ga. 576; Com. v. Dailey, 12 Cush. 80.

The only exception to the right of a defendant to waive any statutory or constitutional privilege, created for his benefit, in this State, is the power to waive a trial by jury in prosecutions for felony. Harris v. State, 128 Ill. 519.

One can not complain of irregularities in the proceeding where he consents, nor can he assign error thereon. Smith v. Kimball, 128 Ill. 584; Garrity v. Hamburgher, 38 Ill. App. 318.

A prisoner on trial under our laws has no right to stand by and suffer irregular proceedings to take place, and then ask to have the proceedings reversed on error on account of such irregularities. The law furnishing him with counsel to defend him, has placed him on the same platform with all other defendants, and if he neglects, in proper time, to insist on his rights, he waives them. McKinney v. People, 2 Gilm. 556.

Exceptions must be taken below or the irregularity is waived. People v. Perteet, 70 Ill. 171; Chase v. People, 40 Ill. 356; People v. Bulliner, 95 Ill. 40.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

The defendant was found guilty upon the second count of the indictment, which is for a misdemeanor.

A court has jurisdiction to, without a jury, find a defendant guilty of a misdemeanor. Darst v. The People, 51 Ill. 286.

No exception to the finding or judgment of the court, or to the order that the defendant stand committed until the fine be paid, was taken. The case is here only upon the questions presented by the motion for a new trial, and certain exceptions taken to the admission of evidence. The evidence, properly admitted, fully sustains the finding of the court; the merits of the case are with the people.

We might dispose of the alleged error in overruling the motion for a new trial, by calling attention to the rules of court which require that all matters upon which reliance is placed shall be abstracted. No abstract of such motion has been made. Without reference to such rule, we find none of the reasons assigned for granting a new trial are well urged.

Exceptions must be taken by a person on trial for crime, or mere irregularities will be waived as in the case of defendants in civil cases. Chase v. The People, 40 Ill. 352; People v. Bulliner, 95 Ill. 394; Kelly v. State, 132 Ill. 371; Lawson on Presumptive Ev., 27.

A prisoner on trial under our laws has no right to stand by and suffer irregular proceedings to take place, and then ask to have the proceedings reversed on error on account of such irregularities. The law allowing him counsel to defend him has placed him on the same platform with all other defendants, and if he neglects, in proper time, to insist on his rights, he waives them. McKinney v. The People, 2 Gilm. 541–556.

It was not urged in the court below, nor is it assigned as error here, that the Criminal Court tried the case by oral consent without a jury, or that the order was made that the defendant stand committed until the fine be paid.

The Criminal Court had jurisdiction of the person of the defendant and of the subject-matter, and it is presumed to have proceeded regularly in all that it did. Kelly v. The People, 115 Ill. 588.

Such presumption the record here presented fails to rebut; the judgment is therefore affirmed.