## O. M. Harrington v. The People, etc.

1. APPELLATE COURT PRACTICE—*Errors Must Be Assigned.*—Points not presented by the assignments of error will not be considered by this court.

2. VARIANCE—*Indictment and Proofs.*—An indictment for an assault upon William Marshall is sustained by proofs of an assault upon W. M. Marshall, where the latter is identified as the real person assaulted.

3. INSTRUCTIONS—*Proper Manner of Giving.*—It is the better prac-

tice in giving instructions to bring together all the instructions bearing upon the same question, and read them together, as the jury will understand them better and be less likely to be confused.

**Indictment for an Assault.**—Error to the Criminal Court of Cook County; the Hon. ARBA N. WATERMAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Opinion filed July 31, 1900.

**Statement.**—No criticism is made of the following opening statement in printed brief and argument of plaintiff in error, and it seems to be substantially correct :

" The evidence in this case discloses the following facts to be true in substance :

" On the 5th day of March, 1900, plaintiff in error, Harrington, was out driving, and some time in the afternoon, toward evening, drove up in front of Powers & O'Brien's saloon on the corner of Polk and State streets, in the city of Chicago. He got out and requested the complaining witness, William Marshall, to hold his horse, saying he would stay but a minute. Staying longer than the complaining witness, Marshall, cared to stand there, Marshall left the horse, and when Harrington returned he found that Marshall was not there. Harrington drove off, but later returned to the saloon and there met Marshall, after which a quarrel ensued between them, during which at one time they went out of the door for the purpose of fighting; after which Harrington again left the saloon and Marshall returned into the saloon. About ten minutes later, Harrington again returned to the saloon. At this time, Marshall was standing up against the bar with one foot upon the railing at the bottom of the bar, reading a card. Harrington walked in and passed Marshall and before seeing him called for a glass of beer. Just as he was about to pay for his beer, he saw Marshall, and immediately pulled his revolver out of his side coat pocket and said something and then began shooting at him. After the first shot was fired, Marshall fell or started toward Harrington, after which Marshall turned and ran out of the door. Four shots in all were fired by Harrington at Marshall, one or more of which were fired as Marshall was going toward and out of the door. The first shot, struck Marshall in the mouth, going through his cheek and out of the side of his neck, the others going through his clothing, at least two of which passed into his clothing from the rear. Marshall ran outside and

there fell to the walk, after which he was cared for by bystanders. At the time of the shooting Harrington had been drinking heavily and was at least partially drunk.

"At the April term, A. D. 1900, of the Criminal Court of Cook County, Harrington was put on trial and after a full hearing was found guilty by a jury, of assault with a deadly weapon with intent to do a bodily injury. He was sentenced to the house of correction for nine (9) months."

OSSIAN CAMERON, attorney for plaintiff in error.

CHARLES S. DENEEN, State's Attorney, JOHN R. NEWCOMER, Assistant State's Attorney, for defendant in error.

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

We shall not attempt to consider in detail and severally, each of the fourteen points presented in the brief of counsel for plaintiff in error, to several of which no reference is made in the argument.

The indictment states the name of the party injured to be William Marshall. When called to the witness stand he gave his name as W. M. Marshall. It is contended that the allegation in the indictment is not sustained by the proof. It is sufficient to say as to this point that it is not presented by the assignment of errors. And besides, plaintiff in error in his testimony stated, in substance, that the witness, W. M. Marshall, was the person referred to in the indictment. This did not constitute such an error as would warrant a reversal. The identity of the party must be established. But plaintiff in error has done that fully.

Counsel for plaintiff in error criticises seven of the twenty-eight instructions given to the jury. It is not deemed necessary or even proper to enlarge the record in this case by an elaborate review of these numerous instructions. We are of opinion that there is in these directions to the jury no error which would warrant a reversal of the judgment.

In his printed argument, counsel for plaintiff in error says:

" A further objection made on the instructions is that the court did not read the defendant's instruction to the jury last, but mixed and mingled the people's and defendant's instructions together, and read a large number of the people's instructions to the jury last."

That is not a valid objection. On the contrary, the action of the court there complained of is to be commended. Instructions are not intended to be for the people, or for the defendant, in the sense that they are intended to advise the jury in the interest of either. The purpose of instructions is to advise the jury as to what the law is, leaving the jury to apply the law to the facts proven. It is sometimes difficult to harmonize instructions except by careful comparison. It is not an error, and is the better practice, to bring together all of the instructions bearing upon the same question. The jury will then understand them better and be less likely to be confused.

It is also contended on behalf of plaintiff in error that remarks made to the jury by the State's attorney constitute an error such as to require a reversal. The remarks complained of are that drunkenness is no excuse for crime and often aggravates rather than mitigates—and referring to " absent witnesses "—and speaking of the coat worn by the complaining witness which had not been offered in evidence. We have examined the record and find that under the circumstances of this case there was no error in the making of such remarks. To fully review the circumstances under which such remarks were made and the case as it then stood before the court and jury, would require us to go back to the record itself. Counsel does not refer to the record or review the facts, but simply objects formally in his points. We shall, therefore, content ourselves by saying that the points are not well taken, although we have examined the record and are satisfied that no error was committed.

Another point stated by counsel for plaintiff in error is:

" When the evidence is such as to suspend the judicial mind in serious doubt as to the guilt of the accused, the judgment will be reversed."

460    APPELLATE COURTS OF ILLINOIS.

VOL. 90.] C. & S. S. Rapid Transit R. R. Co. v. Northern Trust Co.

It is not necessary to review the several authorities cited to support this point, for the reason that "the judicial mind" is not "in serious doubt as to the guilt of the accused." It appears that he received every consideration at the hands of the trial judge, and of the jury, to which he was entitled.

Perceiving no error which would justify a reversal, the judgment of the Criminal Court is affirmed.