**People of the State of Illinois, Defendant in Error, v. Harold McDonald, Plaintiff in Error.**

**Gen. No. 18,719.**

1. INDICTMENTS AND INFORMATIONS—*variance.* Where an information charging defendant with unlawfully abandoning his wife describes the wife by her middle name, there is no variance, though the full name is proved.

2. INDICTMENTS AND INFORMATIONS—*description of parties.* The party against whom an offense is committed may be described in an indictment by his initials, by his middle name or first name, or by a nickname, and if the proof establishes with certainty that the name alleged is the one by which he is usually known, there is no variance.

3. CRIMINAL LAW—*jury waiver.* Where a written waiver of jury trial has the venue and number of the case correct, it is not a reversible error that in the title "City of Chicago" is used instead of the "The People," where the mistake is a clerical error of defendant's counsel.

4. CRIMINAL LAW—*waiver of jury.* In a prosecution for a misdemeanor that may be prosecuted otherwise than by indictment and for which the punishment cannot extend to imprisonment in the penitentiary, the defendant may waive the right to trial by jury.

5. CRIMINAL LAW—*minor may waive jury.* In a prosecution upon an information charging defendant with unlawfully abandoning his wife, the defendant, though a minor, may waive his right to trial by jury.

6. HUSBAND AND WIFE—*abandonment.* The fact that a wife was a prostitute before marriage is no defense to a prosecution of her husband for abandonment.

7. HUSBAND AND WIFE—*abandonment.* A fine of five hundred dollars and costs is not excessive on a prosecution for wife abandonment.

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed March 12, 1913.

ADAMS, BOBB & ADAMS, for plaintiff in error.

MACLAY HOYNE, for defendant in error; ZACH HOFHEIMER, of counsel.

MR. PRESIDING JUSTICE DUNCAN delivered the opinion of the court.

Plaintiff in error was prosecuted upon an information filed in the Municipal Court, charging, in substance, that he wrongfully and unlawfully and without good cause abandoned his wife, Marie McDonald, in destitute and necessitous circumstances, and neglected and refused to maintain and provide for his said wife, contrary to the statute. On a trial before the court without a jury plaintiff in error was found guilty, and the judgment and sentence of the court was that he should pay a fine of $500.00 and costs of suit taxed at $8.50, and that, in case of default therein, he should stand committed to the house of correction until said fine and costs should be worked out at a dollar and a half per day, or until he should be discharged by law.

Plaintiff in error first urges as a ground for reversal of the judgment a variance, that the averment in the information is that he abandoned his wife, Marie McDonald, while the proof was that his wife's name was Evelyn Marie McDonald. We do not consider the alleged variance fatal to the judgment. The object in requiring accuracy and harmony in the alle-

gations and the proofs as to the names of third par-
ties in criminal prosecutions is to insure the estab-
lishment of their identity and to guard against unjust
convictions and punishments of parties charged with
crime.  The strictness of the common law was in times
past a necessity to protect the innocent or the unfor-
tunate who happened to be charged with crime, but we
have passed the day when the life of a human being
may be legally taken for the stealing of a shilling or
for an impossible murder by means of witchcraft.
Less strictness was always required in pleadings in
giving the names of third parties to the proceedings
than in the giving of the names of the parties thereto,
and less strictness is required in either case by the
later decisions of our courts, as compared with their
earlier decisions.  The identity of a person may as
well be established in some cases by his middle name
as by his first name, and he may also in many in-
stances be completely identified by his occupation or
by some other designation.  How much more certain
and definite to a defendant charged with crime can the
identity of the party against whom it is alleged he
has committed a crime be made than by alleging and
proving that that party is his wife?  There was but
one person in the world to whom that designation or
description could apply in this case.  No one knew
this better than the plaintiff in error.  He admitted
that Evelyn Marie McDonald was his wife, and there
is no pretense that there is another person in the
world claiming or pretending to be his wife.  What
difference could it make to him whether she be de-
scribed in the information as Evelyn McDonald, Marie
McDonald, or Evelyn Marie McDonald, when the
further specific averment is made that she is his wife?
There was no variance.  The party against whom an
offense has been committed may be described in an
indictment by his initials, by his middle name or first
name, or by a nick name, and if the proof establishes

with certainty that the name alleged is the one by which he is usually known, there will be no variance. We here give a list of cases illustrating the foregoing rule, to which are added still other cases distinguished or apparently in conflict therewith. Commonwealth v. Warren, 167 Mass. 53; Shepherd v. People, 72 Ill. 480; Vandermark v. People, 47 Ill. 122; Langdon v. People, 133 Ill. 382; Tucker v. People, 122 Ill. 583; Little v. People, 157 Ill. 153; Hix v. People, 157 Ill. 382; Bonardo v. People, 182 Ill. 411; Penrod v. People, 89 Ill. 150; Davis v. People, 19 Ill. 74; Willis v. People, 2 Ill. (1 Scam.) 399; Harrington v. People, 90 Ill. App. 456.

It is next urged that the court erred in trying the cause without a jury, (1) because there was no written waiver of his right to a jury trial filed in the cause, and (2) because he is a minor, of the age of nineteen years, and, therefore, incapable of waiving the right of trial by jury. There is a written waiver in due form signed by him that appears in the record. The record also contains this recital in regard thereto, "The said defendant being duly advised by the court as to his right of trial by jury in this cause, elects to waive a trial by jury, and now here executes a formal waiver in writing of a trial by jury, which waiver of jury trial is filed in this cause, and this cause is by agreement in open court, between the parties hereto, submitted to the court for a trial without a jury." This record imports verity and is not contradicted by other parts thereof in the above recital. The only objection urged to the written waiver found in the record is that it was entitled as "*City of Chicago v. Harold McDonald,*" and not as "*The People v. Harold McDonald.*" The written waiver shows that it was written on a printed blank used by the city in city prosecutions, and a simple neglect by plaintiff in error's counsel to erase the printed words, "City of Chicago" in the title and insert in lieu thereof, "The People." The following changes were made on

this blank in the printing thereon, by erasures and interlineations, to-wit: "City Case," changed so as to read, "State Case," and the word "Quasi-Criminal," indicating the character of the suit, changed to "Criminal." The waiver then has the correct venue laid therein and gives the correct number of the case, and gives the nature of the charge as, "For Aband. of W'f." The waiver would be good without a title of the case attached to it at all, as it otherwise shows what it is and for what case intended. It also clearly appears to be a clerical error of his own counsel, or of himself, that it did not have the correct title in every particular, and he cannot take advantage of his own error now. It does not affirmatively appear that the court's attention was ever actually called either to this defect in the written waiver or to the alleged variance in the proofs.

It has often been held that a jury may be waived by a defendant in a prosecution for a misdemeanor that may be prosecuted otherwise than by indictment, and for which the punishment cannot extend to imprisonment in the penitentiary, and it is now the settled law of this state. Brewster v. People, 183 Ill. 143; Paulsen v. People, 195 Ill. 507; Darst v. People, 51 Ill. 286; Zarresseller v. People, 17 Ill. 101; Hamel v. People, 97 Ill. App. 527; Austin v. People, 63 Ill. App. 298. Neither the statute permitting the defendant to waive the right of trial by jury, nor any decision in our state, so far as we know, makes any exception in the case of minors. It is a privilege granted by statute to any defendant by his complying with its requirements. We are unable to see why a minor should not be able to avail himself of the privilege, and in case he should see fit to do so, be bound thereby where, as in this case, the record discloses that he has in no way been prejudiced thereby. The procedure in criminal cases is the same whether the accused is an adult or a minor, and in a criminal case a minor defendant may waive the requirements that he be furnished with a

copy of the indictment, a list of the jurors and witnesses, and that the court's instructions be in writing. Cutter v. People, 184 Ill. 395; Bartley v. People, 156 Ill. 234.

It is finally insisted that the evidence does not support the judgment. It clearly and satisfactorily appears from the evidence that plaintiff in error and his wife were married May 14, 1912, and that on May 27, 1912, he left her and afterwards sent for his clothes at the flat, where they lived and that he never did return to her. She remained at their apartment until June 10, 1912, and had to give it up because she could not pay the rent. He never gave her a cent for her support after he had abandoned her, although she had no property of her own and his income from his father's estate was one hundred dollars per month, and he was in physical condition to earn wages himself. His excuse for leaving his wife is that she swore at him and waived a "revolver around," and that they had a fight the morning he left. He gives no details of the fight at all, and makes no showing that he was in any danger of being shot by her. There are some insinuations in the record that his wife lived at a house of prostitution and received male callers prior to his marriage, but there is no proof that she was a prostitute before she married or since, and she testified there was no truth in the insinuations, and that she never struck him or threatened him with a revolver. The court saw and heard the witnesses, and had thereby the best opportunity of judging the weight to be given to their testimony. The evidence supports the judgment and we are entirely satisfied with the court's finding. The fine is not excessive, and plaintiff in error's ability to pay it is amply shown. Let it be conceded that she was a prostitute before he married her. If she was good enough for him then, she is now. He makes no showing that he was deceived in her and does not attempt to do so; and there is no excuse in law for a

man's abandonment of his wife simply because he is tired of her, and is disposed to and can say of her that she is not the most desirable sort of a wife anyway. The interests of society demand a vigorous enforcement of this statute.

The judgment of the lower court is right, and it is affirmed.

*Judgment affirmed.*