THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GUST ANDERSON, Plaintiff in Error.

*Opinion filed February 17, 1915.*

1. CRIMINAL LAW—*venue must be proved as laid.* In criminal cases it is necessary to prove the venue as laid.

2. SAME—*in prosecution for assault and battery given name of person assaulted must be proved.* Where an information charging assault and battery is filed at the instance of the wife of the person assaulted, the given name of the person assaulted must be proved, and it is not sufficient that the witnesses refer to him as "Mr. Olson," "the husband of Mrs. Olson," or "the old man."

WRIT OF ERROR to the Branch "B" Appellate Court for the First District;—heard in that court on writ of error to the Municipal Court of Chicago; the Hon. EDWARD T. WADE, Judge, presiding.

HECTOR A. BROUILLET, and CHARLES P. R. MACAULAY, for plaintiff in error.

P. J. LUCEY, Attorney General, MACLAY HOYNE, State's Attorney, and EUGENE P. MORRIS, (EDWARD E. WILSON, of counsel,) for the People.

Mr. JUSTICE CRAIG delivered the opinion of the court:

Anna Olson filed an information in the municipal court of Chicago charging plaintiff in error with an assault with a deadly weapon upon one Jonas Olson. Plaintiff in error was arrested and brought to trial. A jury was waived and the cause was tried by the court. After the introduction of evidence on behalf of the People a motion was made by counsel for the plaintiff in error to dismiss the case on the ground that there was no evidence showing an assault with a deadly weapon, whereupon it was stipulated and agreed that the trial should proceed under the information as filed as if the information charged merely assault and battery.

After hearing the evidence the court found plaintiff in error guilty and entered judgment against him for a fine of $100 and costs, and ordered him committed to the house of correction until such fine and costs were paid. Plaintiff in error sued out a writ of error from the Appellate Court for the First District to review such judgment of the municipal court, and that court affirmed the judgment. Plaintiff in error has sued out a writ of error from this court to review the judgment of the Appellate Court, assigning as error the action of the Appellate Court in affirming the judgment of the municipal court of Chicago.

It was assigned as error in the Appellate Court that the judgment was not justified by the evidence; that the evidence was insufficient, in that there was no proof of the given name of the party alleged in the information to have been assaulted. There is evidence in the record that plaintiff in error assaulted a man named Olson, and that he was the husband of the complaining witness, Anna Olson. She testified that she and her husband were drinking in a saloon, in the city of Chicago when plaintiff in error came in the saloon; that she had some words with plaintiff in error and pushed him with her hand; that her husband interfered, and plaintiff in error struck her husband in the face with his fist and knocked him down. This is the assault and battery complained of. There were several other witnesses, both for the People and for the defendant. The defendant and some of his witnesses testified that Mrs. Olson slapped the defendant and made remarks reflecting on the legitimacy of his birth, but the party assaulted was referred to by all of the witnesses as "Mr. Olson," or "the husband of Mrs. Olson," or the "old man," and there is nothing in the record to show that the husband of Mrs. Olson was Jonas Olson, and nothing whatever to show that the name of the party assaulted was Jonas Olson. A Mr. Olson, who, as we infer from the record, was the victim of the assault, was called as a witness on behalf of the

People. Objection was made to his competency on the ground that his wife was the prosecuting witness. The court erroneously sustained the objection and he was not sworn or examined as a witness. He was not called by the name of Jonas Olson. In the case of *Davis* v. *People,* 19 Ill. 74, it was held as follows: "It is essential in all criminal prosecutions that the name of 'the party injured, or, as in this case, killed, should be proved as laid. There is no conflict of authority on this point." In that case the objection to the sufficiency of the evidence was made for the first time on appeal. To the same effect are *Penrod* v. *People,* 89 Ill. 150, and *People* v. *Smith,* 258 id. 502. In the case of *Shepherd* v. *People,* 72 Ill. 480, cited by counsel for the People, it was held that on the trial of one for murder the party killed must be shown to be the same person named in the indictment; that the identity must be established. In that case the christian name of the party killed was given in the indictment. He was spoken of by the witnesses by his surname, only, but he was also spoken of as a barber, and the evidence was that deceased was a barber and the only one in that place of that surname, so it was held that the identity was established. In a trial for assault or assault and battery there must be a charge that a person certain was assaulted, and the proof must sustain such charge to warrant conviction.

While the point has not been raised by assignment of error, it might be stated that in criminal cases it is also necessary to prove the venue as laid. It was not done in this case.

For the reasons given, the judgment of the Appellate Court must be reversed and the cause remanded to the municipal court of Chicago for a trial *de novo.*

*Reversed and remanded.*