(No. 20509.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EDWARD SMITH *et al.* Plaintiffs in Error.

*Opinion filed December 18, 1930.*

P. B. SMITH, EUGENE D. SULLIVAN, and THADEUS C. TOUDOR, for plaintiff in error Edward Smith.

OSCAR E. CARLSTROM, Attorney General, JOHN A. SWANSON, State's Attorney, and JOHN P. MADDEN, (HENRY T. CHACE, JR., EDWARD E. WILSON, and OTHO S. FASIG, of counsel,) for the People.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

Edward Smith, Nellie Smith and John Pociak were indicted in the criminal court of Cook county for burglary of the dwelling house of Chester Olenec and the larceny of his personal goods, chattels and money, and for receiving and aiding in concealing certain of the goods and chattels of Chester Olenec lately before stolen from him, for their own gain and to prevent the owner from again possessing his property, the accused well knowing said goods to have been stolen. Edward and Nellie Smith and Pociak pleaded not guilty. The four co-defendants who were indicted with them asked for and were awarded separate trials. On the trial Nellie Smith and Pociak were found guilty of burglary and Edward Smith of receiving stolen property of the value of $100. Pociak, whose age was found to be twenty years, was sentenced to the reformatory at Pontiac and Edward Smith to the penitentiary at Joliet. They have sued out a writ of error.

It is argued that the verdicts are contrary to the evidence, but an examination of the record convinces us that the evidence establishes the burglary by Nellie Smith, Pociak and others of a dwelling house, the larceny of various articles of personal property contained therein, and the receipt by Edward Smith of some of the stolen articles with knowledge that they were stolen and for his own gain. Each count alleged the ownership of the dwelling house and of the personal property stolen in Chester Olenec, and this allegation was not proved. The only evidence on the point was the testimony of Nellie Olenec that she lived at 2452 Cortez street, in Chicago, on March 16, 1930, with

her husband, who was in the hospital on that day. She went to visit him and left the house about 1:00 or 1:30 o'clock in the afternoon. The doors were all locked and the windows shut. She arrived at home at 7:00 o'clock and found the house was upset, the mattress out of the bed, the linen turned out of the drawers, the cedar chest all upset and everything upside down. When she left her flat was in perfect condition. Goods and merchandise were missing—an Atwater Kent radio, a man's dark business suit, three of her dresses, jewelry, two wrist watches (her own and her husband's) and other articles. She saw a part of the articles she enumerated on Monday night, March 17, at the North avenue police station—one of the suits, two of her dresses and the radio. She said, "That was the same radio that was taken from our house and the clothes were the same clothes that were taken out of my house."

The Christian name of Mrs. Olenec's husband does not appear in the record except in the allegation of the ownership of the property in the indictment. The ownership of the property is an essential averment in an indictment for larceny or for receiving stolen property, and such ownership must be proved as laid. In indictments for offenses against persons or property the name of the person injured must be stated, if known. The name so stated must be the real name of the person injured or the one by which he is usually known. The necessity for stating the name of the person injured is to enable the defendant to plead either a former acquittal or conviction, in case of a second prosecution for the same offense. (*Willis* v. *People,* 1 Scam. 399; *Sykes* v. *People,* 132 Ill. 32; *Aldrich* v. *People,* 225 id. 610.) In an indictment for larceny or receiving stolen property the ownership of the property is a necessary averment and must be proved as alleged. (*Willis* v. *People, supra; People* v. *Krittenbrink,* 269 Ill. 244; *People* v. *Brander,* 244 id. 26; *People* v. *Struble,* 275 id. 162; *People* v. *Csontos,* 275 id. 402; *People* v. *DePaepe,* 281 id. 318;

*People* v. *Geister,* 289 id. 249.) It is essential in all criminal prosecutions that the name of the party injured or killed should be proved as laid, and in *Davis* v. *People,* 19 Ill. 74, it was held to be fatal to a conviction for the murder of Seth Taylor, as alleged in the indictment, that the evidence nowhere showed the Christian name of the deceased as alleged but he was referred to by all the witnesses merely as "Taylor." This case was followed in *Penrod* v. *People,* 89 Ill. 150. So where upon an information for an assault and battery filed at the instance of the wife of the person assaulted, it was not sufficient that the witnesses referred to the person assaulted as "Mr. Olsen," "the husband of Mrs. Olsen," or "the old man," where there was nothing in the record to show that the husband of Mrs. Olsen was Jonas Olsen, the person alleged in the information to be assaulted, and nothing to show that the name of the person assaulted was Jonas Olsen. *People* v. *Anderson,* 267 Ill. 75.

The object in naming the person injured in a criminal prosecution is his identification so that the accused cannot be again tried for the same offense, and where the record shows that the identity of the person injured is completely established beyond a reasonable doubt that will be sufficient though proof of the Christian name may not be made, as where identity is shown by proof of the deceased's occupation and he was the only one of that occupation in the town, or where the injured person testified, giving for his Christian name initials or abbreviations but the circumstances leave no doubt of his identity as the injured person. There is nothing in this record to show that the husband of Nellie Olenec was Chester Olenec or that the things stolen were the property of Chester Olenec.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*