THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. EMMETT JOHNSON, Defendant-Appellant.

First District (5th Division)   No. 1—87—3330

Opinion filed May 25, 1990.

Michael J. Pelletier, of State Appellate Defender's Office, of Chicago, for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Inge Fryklund, David Butzen, and Joseph Brent, Assistant State's Attorneys, of counsel), for the People.

JUSTICE LORENZ delivered the opinion of the court:

Defendant, Emmett Johnson, appeals from a jury verdict finding him guilty of robbery (Ill. Rev. Stat. 1985, ch. 38, par. 18—1(a)). He was sentenced to six years' imprisonment. We address the following two issues: (1) whether the admission of hearsay identification testimony amounted to plain error when the trial judge struck testimony and instructed the jury to disregard it; and (2) whether the failure to include a mental state as an element of robbery in jury instructions amounted to plain error. For the following reasons, we affirm.

The complaining witness, David Riffe, testified that on February 2, 1987, at approximately 2 a.m., he was robbed on a Chicago Transit Authority subway platform. Riffe testified that while he was surrounded by approximately eight men, defendant took Riffe's wallet from his back pocket. Defendant searched through the wallet. The other men grabbed Riffe and searched his pockets. Riffe's watch and glove were taken, as was $7 from his front pocket. One of the men gave Riffe his wallet back. When Riffe reached down to pick up his keys on the ground, he was hit and kicked in the back. At defendant's instruction to check Riffe's wallet for a bus pass, another man took the wallet again. That man and defendant argued and fought over the

wallet. Riffe testified that they exchanged punches and Riffe noticed a cut over defendant's eye. Riffe later found his wallet on the ground near where defendant was previously standing.

Riffe testified that after the robbery, a bystander on the subway platform, identified as Charles Weston, told Riffe he would telephone the police. When the police arrived and detained certain suspects, Riffe identified defendant as the man who took his wallet. Defendant told police he was trying to help Riffe. Riffe testified that the incident lasted approximately 20 minutes and the lighting conditions were very good.

On cross-examination, Riffe was questioned concerning his testimony at the preliminary hearing. At that hearing, Riffe testified he was hit in the face; however, at trial he did not recall that testimony or being hit in the face. Also at the preliminary hearing, Riffe testified that William Spears took his glove but he did not recall that testimony at trial.

Officer Ziolkowski testified that he responded to the call and saw Weston on the subway platform. Without objection from defendant, Ziolkowski testified:

"Q. Now, at that time, did you talk to Charles Weston?

A. Yes, I did.

Q. And after talking to Charles Weston, did Charles Weston do anything?

A. Yeah, he pointed to three male subjects, and he said, they had just robbed somebody."

Ziolkowski testified that the three men, one of whom was defendant, were then arrested. He also testified that defendant was not injured at the time of his arrest because defendant was not taken to the hospital as required by police department policy when a person taken into custody is injured.

John Camden, an investigator for the Cook County sheriff's police, testified that on May 13, 1987, which was approximately two weeks prior to trial, he served a subpoena for Charles Weston on his aunt. The next day, Camden went back to the same address and was told that Weston had moved the night before, after receiving the subpoena.

At the close of the State's case, on defendant's motion, Officer Ziolkowski's testimony concerning what Weston told him was stricken as hearsay because Weston was an unavailable witness. The trial judge granted the motion and orally instructed the jury to disregard the testimony.

Defendant presented one witness, a photographer, who testified

that pursuant to court order, he took photographs of defendant in jail on February 4, 1987. The photographs showed that defendant had injuries to his eye and lip.

Before closing arguments, defendant moved for a mistrial based on Officer Ziolkowski's testimony that Weston identified defendant as one of the men who robbed Riffe. Defendant also argued that the State deliberately elicited the response; however, the trial judge rejected that argument. Defendant's motion was denied.

Without objection from defendant, the jury was instructed on the elements of robbery from Illinois Pattern Jury Instructions, Criminal, Nos. 14.03 and 14.04 (2d ed. 1981) (hereinafter IPI Criminal 2d Nos. 14.03, 14.04). Also, a written jury instruction was given generally cautioning the jurors to disregard stricken testimony.

The jury found defendant guilty of robbery, and he was sentenced to six years' imprisonment. His post-trial motion was denied and he now appeals.

OPINION

Defendant's first argument concerns Officer Ziolkowski's testimony at trial that Weston pointed at three men on the subway platform and said they robbed Riffe. Ziolkowski identified defendant as one of the three men. Defendant did not object to this testimony at the time it was elicited. At the close of the State's case, defendant moved to strike the testimony as hearsay because Weston did not testify. The trial judge granted defendant's motion and orally instructed the jury to disregard the testimony. Further, the jury was given a written instruction to disregard any stricken testimony. Defendant raised the issue in his post-trial motion; however, the motion was denied. On appeal, defendant contends this testimony was inadmissible hearsay and violated his sixth amendment right to confront witnesses against him.

■■■ An objection to hearsay testimony must be raised when the testimony is introduced otherwise the objection is untimely. (*People v. Jones* (1983), 119 Ill. App. 3d 615, 456 N.E.2d 926; see also *People v. Baynes* (1981), 88 Ill. 2d 225, 430 N.E.2d 1070 (objection to evidence must be made at the time it is admitted or the objection will be waived).) To preserve an issue for appellate review, an objection must be made at trial and in a post-trial motion. (*People v. Enoch* (1988), 122 Ill. 2d 176, 522 N.E.2d 1124.) The failure to do so can result in a waiver of that issue on appeal (*Enoch*, 122 Ill. 2d 176, 522 N.E.2d 1124); however, plain errors or defects affecting substantial rights may be considered on review although they were not raised in the

trial court (107 Ill. 2d R. 615(a)).

In this case, defendant did not object to the hearsay testimony at the time it was elicited. To preserve an issue for review, an objection must be made both at trial and in a post-trial motion. Even though defendant eventually raised an objection at the close of the State's case and raised the issue in his post-trial motion, his trial objection was not timely. The objection should have been raised when the hearsay testimony was introduced. The failure to raise a timely objection at trial can result in a waiver of that issue on appeal.

Defendant argues that the issue was preserved, relying on *People v. Johnson* (1979), 68 Ill. App. 3d 836, 386 N.E.2d 642. In *Johnson*, hearsay testimony was introduced by several different witnesses. Each time the testimony was introduced, defendant raised an objection although he only raised a hearsay objection once. Defendant also raised the hearsay issue in his post-trial motion. The appellate court found that defendant properly preserved the issue for review. *Johnson* is distinguishable from the case at bar because here defendant did not make any objection to the hearsay testimony at the time it was introduced.

Defendant also argues that the State waived defendant's waiver of this argument by failing to object to the timing of defendant's eventual objection to the hearsay testimony. We believe, however, that defendant's failure to raise a timely objection resulted in a waiver of the issue for review despite the State's failure to raise an argument that defendant's objection was not timely.

Despite waiver of the issue, defendant contends the admission of the alleged hearsay should be reviewed as plain error (107 Ill. 2d R. 615(a)). We agree with defendant that the testimony was inadmissible hearsay but do not believe that its admission resulted in plain error.

Hearsay is testimony of an out-of-court statement offered to show the truth of the matter asserted in the statement. (*People v. Gaurige* (1988), 168 Ill. App. 3d 855, 522 N.E.2d 1306.) To establish his course of conduct, a police officer may testify that he had a conversation with an individual and that he subsequently acted on the information received. (*People v. Spears* (1988), 169 Ill. App. 3d 470, 525 N.E.2d 877.) However, the officer cannot testify as to the substance of his conversation with the individual because that would be inadmissible hearsay. *Spears*, 169 Ill. App. 3d 470, 525 N.E.2d 877.

In this case, Weston did not testify at trial and his identification of defendant was introduced through the testimony of Officer Ziolkowski. He related the substance of his conversation with Weston where Weston pointed at three men and stated they had robbed Riffe.

Ziolkowski then testified that defendant was one of those men. Ziolkowski's testimony disclosed the substance of his conversation with Weston and, therefore, it was inadmissible hearsay. On appeal, the State for the first time argues that the hearsay testimony was admissible under other exceptions to the hearsay rule; however, because these arguments were not made in the trial court, we will not consider them on appeal. See *People v. O'Neal* (1984), 104 Ill. 2d 399, 472 N.E.2d 441 (issues not raised by the State in the trial court are generally considered waived on appeal).

■■ The admission of hearsay identification testimony is reversible error when it was a substitute for courtroom identification or was introduced to strengthen or corroborate a weak identification. (*Johnson*, 68 Ill. App. 3d 836, 386 N.E.2d 642.) If, however, the hearsay testimony was only cumulative or supported by a positive identification and other corroborating circumstances, it was harmless error. *Johnson*, 68 Ill. App. 3d 836, 386 N.E.2d 642.

Defendant argues that the introduction of the hearsay testimony warrants reversal of his conviction even though it was only introduced once. Defendant relies on several cases where the reviewing courts reversed convictions based on the admission of inadmissible hearsay identification testimony: *People v. Smith* (1967), 38 Ill. 2d 13, 230 N.E.2d 188; *People v. Johnson* (1979), 68 Ill. App. 3d 836, 386 N.E.2d 642; *People v. Bolden* (1978), 59 Ill. App. 3d 441, 375 N.E.2d 898. Unlike the present situation, defendants in *Smith, Johnson*, and *Bolden* preserved their objections to the hearsay testimony. Also, in none of those cases was the testimony stricken at trial and the jury given a cautionary instruction as was the situation in the present case. Therefore, these cases do not support defendant's argument that reversal is warranted here.

■■ ■ In this case, the hearsay identification testimony was stricken on defendant's motion and, at that time, the jury was orally instructed to disregard the testimony. For its deliberations, the jury was given a similar written instruction. Generally, sustaining an objection and instructing the jury to disregard improper testimony cures any potential prejudice. (*People v. Paino* (1985), 137 Ill. App. 3d 645, 484 N.E.2d 1106.) It is assumed that a jury will follow its instructions and "errors corrected by the [trial] court with instructions to the jury do not require a reversal." (*People v. Sandoval* (1990), 135 Ill. 2d 159, 194.) In this case, striking the testimony and instructing the jury to disregard it was sufficient to cure any prejudice that may have resulted from its admission.

■■ Defendant argues that despite striking the testimony and

cautioning the jury to disregard the testimony, he was prejudiced by the introduction of the hearsay testimony because Riffe's identification of defendant was weak. Defendant claims that Riffe's testimony was weak because he was impeached with his previous testimony at the preliminary hearing. Although there were a few inconsistencies between Riffe's previous testimony and his trial testimony, the inconsistencies that defendant relies on related to whether the attackers hit Riffe in the face and who took his glove. Riffe was never impeached on his identification of defendant as the man who took the wallet out of his pocket.

Therefore, the introduction of the hearsay identification testimony was not plain error because the testimony was stricken and the jury was instructed to disregard it.

■ Defendant also argues that the State intentionally elicited the hearsay testimony. Defendant relies on the assistant State's Attorney's comment in argument on defendant's motion for mistrial that when he asked officer Ziolkowski whether Charles Weston did anything, he expected the officer to testify that Weston pointed at certain people and defendant was arrested. Defendant argues that even the expected testimony was hearsay and, therefore, the assistant State's Attorney deliberately introduced hearsay testimony. We agree with the trial judge's rejection of this argument. Without more evidence that the State deliberately elicited the response, we believe that the assistant State's Attorney mistakenly believed the expected testimony was admissible.

We note that there is no claim by defendant and no facts in the record to support that the assistant State's Attorney misled defendant to believe that Weston would be called as a witness and, in reliance, defendant failed to object to Officer Ziolkowski's testimony.

■ The second issue defendant raises on appeal is that the trial judge improperly instructed the jury on the elements of robbery from IPI Criminal 2d Nos. 14.03 and 14.04. Defendant contends that these instructions were improper because they did not instruct the jury on the mental state required for robbery. Defendant, however, did not object to the instructions at trial, did not tender alternative instructions, and did not raise the issue in his post-trial motion. The failure to tender a jury instruction at trial results in a waiver of that issue on appeal. 107 Ill. 2d R. 366(b)(2)(i); *People v. Avant* (1989), 178 Ill. App. 3d 139, 532 N.E.2d 1141.

■ Recognizing that he did not preserve the issue, defendant asks this court to review it as plain error (107 Ill. 2d R. 615(a)); however, it has been held that IPI Criminal 2d Nos. 14.03 and 14.04 cor-

rectly instruct the jury on the essential elements of robbery under Illinois law (*Avant*, 178 Ill. App. 3d 139, 532 N.E.2d 1141). As the State points out, it need only prove that defendant possessed the general intent to commit robbery. (*People v. Anderson* (1981), 93 Ill. App. 3d 646, 417 N.E.2d 663.) Accordingly, the trial judge did not err in tendering the instructions.

Lastly, we grant the State's request to assess the sum of $50 against defendant as costs for this appeal and $25 as costs for oral argument. Ill. Rev. Stat. 1985, ch. 53, par. 8(a); *People v. Agnew* (1985), 105 Ill. 2d 275, 473 N.E.2d 1319; *People v. Nicholls* (1978), 71 Ill. 2d 166, 374 N.E.2d 194.

Affirmed.

MURRAY and GORDON, JJ., concur.